# Steiner Bros. v. McDaniel.

*Proceedings for Allotment of Homestead for Decedent's Widow and Children.*

1 *Homestead exemption; decedent's widow and children can select a homestead out of other lands when their actual homestead is incumbered to its full value.*—Under the statute which provides that, if a decedent, "at the time of his death, has no homestead exempt to him from levy and sale under process, his widow and minor children, or either, shall be * * * * entitled to a homestead exemption out of any other real estate owned by him,"(Code, § 2544), if the husband, up to the time of his death, occupied a homestead which was of no value to him, or to his widow and minor children after his death, because incumbered to the extent of its full value, the widow and minor children will be entitled to select from lands owned by the decedent at the time of his death a homestead exemption, conforming in value, quality, quantum of interest and duration of enjoyment to the exemption provided by law.

2. *Same; same; facts of this case.*—A resident of this State, occupy-

[Steiner Bros v. McDaniel.]

ing a house and lot as a home with his wife and minor children, exe-cuted a mortgage thereon to secure the payment of a debt of $2,500, his wife joining in the execution. They continued to reside on such property up to the time of the husband's death, although before his death there was default made in the payment of the debt secured by the mortgage. Subsequently, the property was sold under the power contained in the mortgage and was purchased for a price less than the face of the mortgage. Thereupon, the widow, in behalf of her-self and minor children, applied to the probate court to have a home-stead allotted out of other lands which were owned by the decedent at the time of his death. *Held:* Under the provision of section 2544, the allotment of a homestead to the widow and minor children was properly made.

APPEAL from the Probate Court of Jefferson.

Heard before the Hon. M. T. PORTER.

The facts of the case are sufficiently stated in the opinion.

CABANISS & WEAKLEY and GEORGE HUDDLESTON, for appellants.—1. An equitable owner of real estate may occupy and hold the same as his homestead subject to all rights, privileges, immunities and disabilities given and imposed by the homestead exemption law.—*Moore v. Reaves*, 15 Kan. 153 ; *Weber v. Short*, 55 Ala. 311 ; *McGuire v. VanPelt*, 55 Ala. 344 ; *McConnaughy v. Baxter*, 55 Ala. 379 ; *Blum v. Carter*, 63 Ala. 235 ; *Munchus v. Harris*, 69 Ala. 506.

2. The homestead exemption secured to a decedent's family is the actual homestead of the decedent at the time of his death, and although that may be mortgaged or held under a lease only, they can not select other prop-erty in its stead.—*Chambers v. McPhaul*, 55 Ala. 367 ; *Weber v. Short*, 55 Ala. 311.

KERR & HALEY, *contra.*—The law is to be liberally construed in favor of the widow and minor children. The purpose of the law is to encourage as well as pro-protect the acquisition of homestead.—*Watts v. Gordon*, 65 Ala. 546 ; *Tyler v. Jewett*, 82 Ala. 93.

Where a homestead exceeds $2,000 in value, it is not an exempt homestead, and the widow is entitled to ex-emption in lieu thereof.—Code of 1886, § 2544 ; *Jackson v. Rowell*, 87 Ala. 685.

An equity of redemption, where the amount required

to redeem would exceed the value of the premises, is of no value and it would be in conflict with the spirit and purpose of the law to deprive the widow and children of the right to claim an exemption in other real estate owned by the deceased, because there is a statutory right of redemption from the mortgage sale in this case. The restrictions as to actual occupancy of the premises by the deceased at the time of his death have been changed by statute .—*Chambers v. McPhaul*, 55 Ala. 367; Code of 1876, §2840; Code of 1886, § 2544.

The law day of the mortgage having expired before the death of the deceased husband, he was only residing thereon by sufferance of the mortgagee, who had a right to enter at any time.—*Johnson v. Riddle*, 70 Ala. 219.

McCLELLAN, J.—Hiram A. McDaniel, owning a house and lot in the city of Birmingham worth from $2,000 to $2,200 and occupying it as a home with his wife and minor children, executed a mortgage upon it to secure the payment of $2,500, his wife joining in the execution thereof and separately acknowledging her signature &c., as required by the statute in respect of conveyances of homesteads. He continued in this occupancy until his death which occurred in October, 1893, prior to which time default had been made in payment of the sum secured by the mortgage. Soon after his death the mortgagee foreclosed the mortgage under a power of sale contained therein and, being so authorized by the instrument, became the purchaser at the sum of $2,200. After this, and before the period of statutory redemption had expired, C. A. McDaniel, the widow of said Hiram, in behalf of herself and her minor children applied to the probate court to have homestead allotted to her and them out of other lands of the decedent. Commissioners were appointed for that purpose. They made the allotment and filed a report of it, whereupon Steiner Brothers, creditors of the estate of Hiram A. McDaniel, deceased, filed an exception to the report on the ground that said widow "is not entitled to have homestead exemptions set apart to her in lieu of homestead, because said H. A. McDaniel at the time of his death had a homestead exempted to him from levy and sale under process." On the trial of the issue thus tendered

the facts above stated were adduced in evidence, and the probate judge overruled the exception, approved the report and decreed the allotment.

It was ruled in *Chambers v. McPhaul, Admr. &c*, 55 Ala. 367, that "the homestead exemptions secured to a decedent's family by the provisions of the constitution and of the act of 1873, is the actual homestead of the decedent at the time of his death ; and although that may be mortgaged, or held under a lease only, they cannot select other property in its stead." In the opinion of. the court it is suggested that if the law in this respect was thought to be unequal and hard upon families that live on mortgaged property, which may be taken away from them, while there is other property unincumbered belonging to the estate out of which homestead might be carved if the law permitted, an appeal should be made to the legislature. Such appeal, it seems, was made, or, at least, the legislature came to consider of the matter, and, evidently thinking the existing law unequal and harsh in its operation upon widows and minor children, enacted a statute which, among other things, provides : "That when any resident of this State dies leaving a widow or minor child or children, one or both, and such resident owned lands or an interest therein in this State, but did not at the time of his death reside on a homestead owned by him of the value of two thousand dollars, such widow; if there be one, or if there be no widow, or she fails to act, then the guardian of minors may select the homestead from other lands owned by the decedent, which in value, quality, quantum of interest and enjoyment shall in all respects conform to sections 2 and 3 of this act."—Acts 1886-87, p. 32, § 23. It is clear, we think, and we understand counsel to concede that under this act if the resident next before and up to the time of his death occupied a homestead which was of no value to him or to his widow and minor children after his death because incumbered to the extent of its full value, or was of less value to him and them than the homestead limit because of incumbrances upon it— and certainly where, as in this case, the law day of the mortgage had passed and the mortgagee has immediate right of entry—the widow and minor children would be entitled to select other lands of the decedent conforming in value, quality,

quantum of interest and duration of enjoyment to the full measure of exemption intended to be provided by law. But it is insisted that this statute has been so changed in and by codification of it, that in the case put, which is the case at bar, lieu homestead may not be claimed or allotted. We do not think so. The provision as embodied in the present Code is as follows : "If such decedent, at the time of his death, has no homestead exempt to him from levy and sale under process, his widow and minor child or children, or either, shall . be * * * * * entitled to a homestead exemption out of any other real estate owned by him, which in value, area, interest and estate, shall conform to the provisions of the preceding section."—§ 2544. The same idea of value to the persons claiming homestead which pervaded the original act, is preserved in this codification. The purpose of both is to secure to the widow and minors a home where they may live during the life of the widow or the minority of the children, a purpose which we must conserve by a liberal construction and interpretation of the statute, and which would be effectually defeated if we hold that the act has no operation where the decedent, though occupying and nominally owning a homestead at the time of his death, has no beneficial or real interest in it because of incumbrances equalling its value. In this case it is shown that the sole interest Hiram A. McDaniel had in the house and lot which he occupied at the time of his death was an equity of redemption which was utterly valueless because the mortgage debt was in excess of the value of the property. He died there, indeed, at the mere sufferance of the mortgagee. Can it not be reasonably and fairly said on these facts, in view of the beneficent purpose of the statute to make a real and substantial provision for the widow and minor children, and is it not our duty, giving the statute that liberal construction which is enjoined upon us to declare, that in the sense of this law Hiram McDaniel at the time of his death had no homestead? In truth and in fact he had none because he owned no valuable, beneficial interest in the house he lived in. And it is only necessary to support the judgment below that we should conclude the legislature intended to deal with the substance of the thing and not the mere empty form ; intended to give a home to the widow and children, and

[Munger v. Swanson.]

not to mock them with the suggestion that they should acquire a place to live by paying for it more than it was worth.

We agree with the probate judge that Mrs. McDaniel and her minor children were entitled to the land allotted to them as a homestead, and his decree confirming the report of the commissioners and making the allotment is affirmed.