STEPHEN E. SEARLE *vs.* JAMES M. CHAPMAN & wife.

Hampshire. Sept. 21. — 29, 1876. COLT & MORTON, JJ., absent.

On a writ of entry to foreclose a mortgage of a parcel of land which contains a release of all homestead rights, it is no defence that the tenant had acquired a homestead right before the mortgage deed, and that the estate is sufficient to satisfy the mortgage, without having recourse to the homestead.

WRIT OF ENTRY to foreclose a mortgage of a parcel of land in Northampton. Plea, *nul disseisin*, with a specification of defence that the first named tenant had a homestead estate in the land. Trial in the Superior Court, before *Putnam*, J., without a jury, who allowed a bill of exceptions in substance as follows .

The demandant is the assignee of a mortgage given by the first named tenant on May 25, 1863, to secure the payment of $2500. The deed contained full covenants of warranty, and a release of dower and homestead. The other tenant is the owner of the equity of redemption of the mortgaged premises.

There was evidence tending to show that the larger part of the premises, described in the mortgage, had been owned and occupied by the tenants and their children since 1853 as a homestead, though no declaration of homestead had been filed.

The tenants contended, and offered evidence tending to prove, that the premises were of sufficient value to satisfy the mortgage debt, without resorting to the part which would be set off as the homestead ; and asked the judge to rule that so much of the premises, including the house where the tenants live, of the value of $800, could not be taken by the mortgagee, in case the other property included in the mortgage was sufficient to satisfy the mortgage debt ; but the judge declined so to rule, and ordered judgment for the demandant ; and the tenants alleged exceptions.

*D. W. Bond & H. H. Bond*, for the tenants, cited *McLaughlin* v. *Hart*, 46 Cal. 638 ; *Jarboe* v. *Colvin*, 4 Bush, 70 ; *Twogood* v. *Stephens*, 19 Iowa, 405 ; *Barker* v. *Rollins*, 30 Iowa, 412 ; *Chapman* v. *Lester*, 12 Kansas, 592 ; *White* v. *Polleys*, 20 Wis. 503.

*W. G. Bassett*, for the demandant, was not called upon.

GRAY, C. J. The mortgage deed having been, as was admitted at the argument, executed by the husband and wife in due form to release all rights of dower and of homestead, those rights, as well as every other title of the husband in the premises, passed to the mortgagee, and were equally liable to him for the payment of the mortgage, and could not be set up either as a ground for redemption or as against a foreclosure, except upon the terms of paying the whole mortgage debt.

The power of a court of chancery to compel a mortgagee to resort in the first instance to one of several estates mortgaged is

exercised only for protection of the equities of different creditors or incumbrancers, or of sureties, and not for the benefit of the mortgagor. As against him, the mortgagee has the right to enforce the contract between them according to its terms, and is not obliged to elect between different remedies or securities. 1 Story Eq. Jur. §§ 640, 645.

The right of homestead, created by our statutes, is certainly entitled to no higher degree of favor than the courts have always accorded to the common law right of dower. The case cannot be distinguished in principle from the ordinary one in which a wife, who has joined by way of releasing dower in the mortgage of her husband, is held to pay the whole mortgage debt, as a condition of asserting her right of dower against the mortgagee. *Gibson* v. *Crehore*, 5 Pick. 146, 152. *McCabe* v. *Bellows*, 7 Gray, 148, and 1 Allen, 269. *Davis* v. *Wetherell*, 13 Allen, 60.

The judgment in *Pittman's Appeal*, 48 Penn. St. 315, is in accordance with our conclusion. The cases in some of the western states, cited by the learned counsel for the tenants, so far as they countenance any equity in the owner of a right of homestead as against a party in whose favor he has waived or released it, are supported by no reasons, and do not disclose how far they may have been influenced by local statutes.

*Exceptions overruled.*