LEONIDAS GAITHER *et al.*

*v.*

JOHN WILSON *et al.*

*Filed at Mt. Vernon January 18, 1897.*

1. PLEADING—*facts relied on to establish homestead should be averred.* A party desiring to raise an issue on the question of homestead should aver in his pleadings the facts upon which he relies as establishing his claim.

2. SAME—*when averments concerning homestead are insufficient.* Averments in a cross-bill in foreclosure, in which the mortgagor avers that "said lots are his homestead," and that he "asks to have his homestead interest in said lots established," are insufficient to raise any issue on the question of homestead.

3. HOMESTEAD—*proviso to section 4 of Exemption act affects that section only.* The proviso to section 4 of the Exemption act (Laws of 1887, p. 178,) merely limits the operation of that section, by declaring that when a release of homestead is made by mortgage which includes other lands, the mortgagee, on foreclosing, must exhaust the other lands before resorting to the homestead.

4. SAME—*when "other" land need not first be sold—no homestead against purchase money.* Where a mortgage containing a release of homestead is given on certain lots, with other land, to secure the purchase money paid for such lots, the fact that the mortgagor subsequently occupied the lots as a homestead does not bring the mortgage within the proviso to section 4 of the Exemption act.

*Gaither* v. *Wilson,* 65 Ill. App. 362, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Wayne county; the Hon. CARROLL C. BOGGS, Judge, presiding.

R. D. ADAMS, and E. BEECHER, for appellants.

CREIGHTON & KRAMER, for appellee John Wilson.

GEORGE W. JOHNS, and R. P. HANNA, for appellee J. T. Fogle.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Leonidas Gaither was the owner of forty acres of land in Wayne county and the south half of two lots in Fairfield, in that county. He, together with his wife, Lola E. Gaither, had given three mortgages to the other parties to this litigation. The first was given to John Wilson to secure the payment of $750,—the entire purchase price of the fractional lots,—and covered all the property. The second was given to Fogle Bros. for $850 on the purchase of a restaurant from them, and was on the forty-acre tract alone. This mortgage had been assigned to Jack T. Fogle. The third was made to the Citizens' Building Association to secure $500 borrowed money, and only covered the lots. It was dated the same day as the mortgage to Fogle Bros., but was not recorded until a year later. Wilson filed his bill to foreclose the mortgage on all the premises. Fogle answered the bill, and asked that Wilson be required to first sell the lots to satisfy the mortgage. Leonidas Gaither and wife and the Citizens' Building Association answered, alleging that the lots were only put in as security for about $200 of claims against the estate of Gaither's mother, and they asked that the answer be taken in the nature of a cross-bill, and that Wilson should be required to release the lots. Leonidas Gaither and the Citizens' Building Association also filed in that suit a bill in the nature of a cross-bill for the foreclosure of the mortgage against the lots, and they prayed that Wilson should be required to make his debt out of the land. Jack T. Fogle also

164—35

filed his bill to foreclose his mortgage on the forty-acre tract. The cases were consolidated and heard as one case upon the bills, cross-bill, answers and replications, and the evidence for the respective parties. By the decree the mortgages were foreclosed and the premises ordered to be sold separately, the land as one parcel and the lots as another. Out of the proceeds the master was ordered to first pay the costs of suit and expenses of sale, in proportion to the amount received from each parcel; to next pay one-half of Wilson's claim, not exceeding $500, from the sale of the lots and the other half out of the land, and then to pay Fogle's claim out of the proceeds of the land and the association's claim out of the proceeds of the lots. The decree was affirmed by the Appellate Court.

The contest here is between Fogle and the building association. Wilson is content with the decree, but the mortgagors and the building association are insisting that it should be reversed, and that he should take his pay out of the land and leave the lots free to secure the claim of the building association. If this can be accomplished Fogle will be a loser, since the land will not pay Wilson's mortgage and his. The ground for insisting that the tract of land should be first sold is found in the proviso to section 4 of the Statute of Exemptions, added to that section in 1887, as follows: "*Provided*, that in all cases when such release, waiver or conveyance shall be taken by way of mortgage or security, the same shall only be operative as to such specific release, waiver or conveyance; and when the same includes different pieces of land, or the homestead is of greater value than $1000, said other lands shall first be sold before resorting to the homestead," etc.    3 Starr & Curtis' Stat. 611.

The mortgage to Wilson was given for the purchase price of the lots, and as against it the mortgagors had no homestead in the premises. The evidence also showed that the lots were not occupied as a homestead when

the mortgage was made, but the mortgagors resided elsewhere. In each of the mortgages on the lots there was a release of the homestead right. The evidence was, that the mortgagors lived on the premises at some time after the mortgage to Wilson was made, but had gone away and lived in Cincinnati for two years, leaving some goods in the house, and intending to return some time in the future if they saw fit. The facts which would create an estate of homestead in the lots or raise an issue on that question were not alleged in the pleadings. In the answer nothing was said on the subject. In the cross-bill of Leonidas Gaither and the building association no fact was alleged about any homestead, but it contained the following prayer for relief: "Lon Gaither asks that his homestead interest in said lot be established." Appended to this cross-bill were a few lines signed by Lola E. Gaither, and called a cross-bill, as follows: "Said lots are the homestead of her and her husband, and was at the time of the execution of the mortgage to Fogle Bros., and that under the statute in such cases provided the court has no power to direct the homestead to be first sold on the mortgage, so as to permit the lien of Fogle Bros. to attach to said lots." This was the whole of the supposed cross-bill of Mrs. Gaither. Fogle Bros. did not claim any lien on the lots and the decree gave them none, and this alleged cross-bill contained no prayer for relief. The pleadings were insufficient to raise any question of a homestead, since there was no averment of a single fact necessary to create such an estate. The decree should be sustained on that ground.

But waiving that point, and treating the question as properly raised, the section of the statute referred to does not apply to the facts of the case. That section provides the manner in which a release, waiver or conveyance of an existing estate of homestead may be made, and the proviso operates as a limitation or qualification of the section where the release, waiver or conveyance

is taken by way of mortgage or security which includes different pieces of land. A proviso affects only the section to which it is added. Its office is generally to except something, or to qualify or restrain the generality of the section, or to exclude some possible ground of misinterpretation. It does not operate beyond the enacting clause, but as an exception of it or restraint upon it. (*United States* v. *Dickson*, 15 Pet. 141; *Minis* v. *United States*, id. 423; *Boon* v. *Juliet*, 1 Scam. 258; *Spring* v. *Collector of Olney*, 78 id. 101; *City of Chicago* v. *Phœnix Ins. Co.* 126 id. 276; 23 Am. & Eng. Ency. of Law, 435, and note.) This proviso limits and qualifies the section to which it is added, by declaring that where a release of an estate of homestead shall be by way of mortgage or security including different pieces of land, the creditor, in enforcing his security, must sell the other lands first. The lots in this case were not a homestead at the time the mortgage was given, and there could be no homestead as against a purchase money mortgage. The mortgage therefore does not come within the section which the proviso restrains or qualifies.

There is no equity in postponing the lien of Fogle for the benefit of the building association, and it would not be equitable to permit a mortgagor to change priorities between his mortgagees by changing his homestead.

The claim set up in appellant's answer that Wilson agreed to release the lots upon payment of claims against the estate of Gaither's mother was denied by Wilson, and the court was justified in finding that it was not proved.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*