MYRTLE HACKETT, Appellee, *vs.* THE CHICAGO CITY RAILWAY COMPANY, Appellant.

*Opinion filed June 18, 1908.*

1. APPEALS AND ERRORS—*proviso to section 120 of Practice act construed.* That portion of the proviso to section 120 of the Practice act of 1907 stating that in cases where the justices of the Appellate Court are divided in opinion on the law or the facts the provision of the statute that the judgment of the Appellate Court shall not be final on the facts shall not apply is limited by the language which precedes the proviso, and has no application to cases where the Appellate Court finds the facts to be the same as they were found by the trial court.

2. SAME—*provision that the Supreme Court may review facts where Appellate Court is divided is unconstitutional.* That part of the proviso to section 120 of the Practice act of 1907 respecting the effect of a division of opinion in the Appellate Court is unconstitutional, as conferring a right upon an appellee in the Appellate Court to have the facts reviewed by the Supreme Court where the Appellate Court reverses because it differs with the trial court on the facts, provided the justices of the Appellate Court are divided in opinion, and does not confer a like right upon an appellant in case of a similar division if the Appellate Court affirms, finding the facts as the trial court did.

3. TRIAL—*when question of defendant's negligence is for the jury.* Whether the defendant street railway company, by its motorman, was negligent in propelling a car at a speed of seven or eight miles an hour with the brake-chain so unwound that it could not be instantly applied is a question of fact for the jury, under evidence that the car was approaching a school from which several hundred children, many of them less than seven years old, had just been released, some of whom were in the street and crossing the track to their homes.

4. INSTRUCTIONS—*instruction should not permit a recovery upon evidence of negligence not charged in the declaration.* An instruction which directs a verdict for the plaintiff, upon proof of certain facts, if the jury believe "that the accident causing the injury to the plaintiff was due to want of ordinary care by the defendant," is erroneous in permitting a recovery upon evidence of negligence not charged in the declaration. (*Ratner* v. *Chicago City Railway Co.* 233 Ill. 169, followed.)

CARTWRIGHT, C. J., and HAND and VICKERS, JJ., dissenting.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. R. W. WRIGHT, Judge, presiding.

This was an action on the case brought by Myrtle Hackett, a minor, by her next friend, in the superior court of Cook county, against the Chicago City Railway Company, the appellant, to recover damages for personal injuries sustained by the appellee. The declaration in three counts charged the reckless, careless, negligent and improper operation by appellant of one of its street cars, whereby the car struck against appellee and injured her. The general issue was interposed.

Appellant operated a double track electric street railway on Wallace street, in the city of Chicago. That street extends north and south and intersects Thirty-third and Thirty-fifth streets at right angles. Thirty-third street is about three hundred yards from, parallel to and north of Thirty-fifth street. About midway between the two streets an iron post had been erected on the west side of Wallace street to indicate a stopping place for the cars. No street intersects Wallace between Thirty-third and Thirty-fifth. The track farthest to the east in Wallace street was used by north-bound cars and the west track by cars running south. The east rail of the east track was fourteen feet and nine inches from the curb or west line of the sidewalk along the east side of the street. At the time of the accident

appellee was between six and seven years of age. She lived with her parents at the south-west corner of Thirty-third and Wallace streets and attended the McClellan school, which was located at the south-east corner of Thirty-fifth and Wallace streets. This school was attended by about twelve hundred pupils. The injury occurred about noon on September 17, 1901, just after the pupils had been dismissed from school and were on the way to their homes. After leaving the school building appellee walked north with a companion of about the same age, on the walk on the east side of Wallace street, until she had reached a point about opposite the iron post, when she left her companion, stepped off the curb and started in a north-westerly direction across the street. At this time a car was approaching from the south on the east track and one was approaching from the north on the west track, which passed the north-bound car at a point about opposite the iron post. Neither car stopped at that post. There was nothing to obscure appellee's view of either car and she evidently saw the south-bound car approaching. After leaving the walk she continued in a north-westerly direction, looking back towards her companion on the sidewalk at least once until she was within a foot or two of the east rail, at a point fifteen or twenty feet north of a point directly east of the iron post. Just as she was about to step on the track she was struck by the overhang of the north-east corner of the north-bound car and thrown to the pavement, causing a fracture of her skull, requiring a removal of a section of the bone.

At the north side of Thirty-fifth street the north-bound car had stopped to take on passengers, and at the time appellee left the sidewalk it was running between seven and eight miles an hour. The evidence tends to show that the motorman in charge of the car rang the gong after leaving Thirty-fifth street, and that when appellee left the sidewalk he immediately threw off the current, applied the brake and

rang the bell.   Before striking appellee the speed of the car was considerably reduced, and it was stopped shortly after passing the point where the accident occurred.

At the close of all the evidence the court denied the motion of appellant for a peremptory instruction.   The trial resulted in a verdict for $4000 in favor of appellee, and after overruling the motions of appellant for a new trial and in arrest of judgment the court entered judgment upon the verdict.   From that judgment an appeal was prosecuted by appellant to the Appellate Court for the First District, where the cause was assigned to the branch court.   There the judgment of the superior court was affirmed by a divided court, one of the justices dissenting, and from the judgment of that court this appeal is prosecuted.

It is urged by appellant that (1) the verdict is against the manifest preponderance of the evidence; (2) the court should have directed a verdict for the defendant; and (3) the court erred in passing on instructions.

JAMES G. CONDON, and C. LEROY BROWN, for appellant:

A street car motorman or driver, on seeing very young children standing in the roadway of a street at a sufficient distance away from the course of his car for the car to pass without injuring them, is not required by law to stop or slacken speed; and if a child leaves its position of security and runs into the course of the car at a time when the car cannot be stopped the company is not liable. *Stabenau* v. *Railroad Co.* 155 N. Y. 511; *Railway Co.* v. *Carey,* 56 Ind. 396; *Chilton* v. *Traction Co.* 152 Pa. 425; *Railway Co.* v. *Adkins,* 14 Ky. 425; *Fleischman* v. *Railroad Co.* 174 Pa. 510; *Holdridge* v. *Mendenhall,* 108 Wis. 1; *Coessens* v. *Railway Co.* 136 Mich. 481.

Where the alleged negligence of a street car employee consists of an omission of duty suddenly and unexpectedly arising, it is incumbent upon the plaintiff to show that the

circumstances were such that the employee had an opportunity to become conscious of the facts giving rise to the duty and a reasonable opportunity to perform it before the employer can be held liable. *Traction Co.* v. *Browdy,* 206 Ill. 615; Booth on Street Railways, sec. 305.

In cases where the justices of the Appellate Court are divided in opinion as to the law or the facts it is the duty of the Supreme Court to re-examine the case as to the weight of the evidence. Laws of 1907, sec. 120, p. 468.

No presumption of the correctness of the verdict arises where the record shows it may have been effected by prejudicial error on the trial. *Railway Co.* v. *Morgan,* 72 Ill. 155; *Railway Co.* v. *Billings,* 212 id. 37.

Whenever error is shown to exist it will compel a reversal unless the record affirmatively shows that the error was not prejudicial. *Crane Co.* v. *Hogan,* 228 Ill. 338.

Plaintiff's instruction 2 was erroneous in authorizing recovery upon proof of any want of care by defendant, regardless of whether that negligence was charged in the declaration or not. Such an error is incurable and reversible in character. *Railroad Co.* v. *Levy,* 160 Ill. 385; *Ratner* v. *Railway Co.* 233 id. 169.

H. J. TONER, (OLIVER R. BARRETT, and ORA E. CHAPIN, of counsel,) for appellee:

Questions of fact are not open to review in this court where the judgment of the trial court is affirmed by the Appellate Court. Practice act of 1907, sec. 122.

Section 120 of the Practice act has no application where the judgment of the trial court is affirmed by the Appellate Court. A proviso affects only the section to which it is added and does not operate beyond the enacting clause. *Gaither* v. *Wilson,* 164 Ill. 544; *People* v. *Supervisors,* 185 id. 288; 26 Am. & Eng. Ency. of Law, 679.

Section 120 of the Practice act of 1907 is unconstitutional, in that it provides that the judgment of the Appel-

late Court shall be final as to the facts when the judgment of the lower court is reversed with a finding of facts, but makes no provision as to the finality of the finding of the Appellate Court when the judgment of the lower court is affirmed. *Hecker* v. *Railroad Co.* 231 Ill. 574; *Regan* v. *Construction Co.* 232 id. 500.

Where there is a conflict in the evidence as to the speed of the car, as to whether warning was given, and as to other questions of fact from which defendant's negligence may be inferred, no error can be predicated on the action of the trial court in refusing to direct a verdict for the defendant, and in such cases the judgment of the Appellate Court affirming the judgment of the trial court is final. *Railway Co.* v. *Ryan,* 131 Ill. 474; *Railway Co.* v. *Purvis,* 193 id. 454; *Railway Co.* v. *Tuohy,* 196 id. 410; *Railway Co.* v. *Loomis,* 201 id. 118; *Railway Co.* v. *Fennimore,* 199 id. 9; *Railway Co.* v. *Jordan,* 215 id. 390.

Where all the evidence in the record is applicable to the issues made by the pleadings, an instruction which permits a recovery only in case the jury "find from the evidence" is not erroneous because of the omission of a limitation to the negligence charged in the declaration. *Traction Co.* v. *Wilson,* 217 Ill. 47.

Mr. JUSTICE SCOTT delivered the opinion of the court:

In this case the justices of the Branch Appellate Court were divided in opinion and one of them dissented from the judgment entered in that court. Appellant urges that the verdict of the jury was against the manifest preponderance of the evidence, and regards section 120 of the Practice act of 1907 (Laws of 1907, p. 468,) as conferring upon this court power to determine the controverted questions of fact arising in this case in view of the division of the justices of the Appellate Court. Appellee contends, upon the authority of *Hecker* v. *Illinois Central Railroad Co.* 231

Ill. 574, that the section in question is special legislation and unconstitutional in so far as it apparently confers that power, for the reason that the language relied upon by appellant does not give this court power to review the facts in every instance where the justices of the Appellate Court are divided in opinion.

Section 120 reads as follows: "If any final determination of any cause or proceeding whatever except in chancery shall be made by the Appellate Court, as the result wholly or in part of the finding of the facts, concerning the matter in controversy, different from the finding of the court from which such cause or proceeding was brought by appeal or writ of error, it shall be the duty of such Appellate Court to recite in its final order, judgment or decree, the facts as found; and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause or proceeding: *Provided, in actions at law where the Appellate Court reverses the judgment of the trial court without awarding a trial de novo, as the result wholly or in part of finding the facts different from the finding of the trial court and* in cases where the justices of the Appellate Court are divided in opinion on the law or facts, and the cause is taken by appeal or writ of error to the Supreme Court, then the provision that the judgment of the Appellate Court shall be final as to the facts, shall not apply, and both the facts and the law shall stand for review in the Supreme Court as in the Appellate Court."

In *Hecker* v. *Illinois Central Railroad Co. supra,* we held the section unconstitutional in so far as it attempted to confer upon this court the power to review the facts in cases falling within the meaning of the language above italicized following the word "provided," and if appellant's view of the statute be correct, it would now, in legal effect, read as though such italicized language was entirely stricken out. It will be observed that the part of the section preceding the proviso requires a finding of fact, which shall be in-

corporated in the judgment of the Appellate Court, in all cases where any final determination of any cause or proceeding, except in chancery, shall be made by the Appellate Court as the result, wholly or in part, of finding the facts concerning the matter in controversy different from the finding of the trial court. That portion of the section only applies where the Appellate Court finds the facts to be different from the finding of the trial court, and where the final determination of the cause or proceeding in the Appellate Court is one that results, wholly or in part, from such different finding of facts. That portion of the section does not bear upon a case where the Appellate Court finds the facts to be as they were found by the trial court. The section, therefore, has no application to a case where the Appellate Court finds the facts to be as found by the trial court, unless the section is extended to a case of that character by the proviso.

As to the effect to be given a proviso in construing a statute we said in *Gaither* v. *Wilson,* 164 Ill. 544: "A proviso affects only the section to which it is added. Its office is generally to except something, or to qualify or restrain the generality of the section, or to exclude some possible ground of misinterpretation. It does not operate beyond the enacting clause, but as an exception of it or restraint upon it.—*United States* v. *Dickson,* 15 Pet. 141; *Minis* v. *United States,* id. 423; *Boon* v. *Juliet,* 1 Scam. 258; *Spring* v. *Collector of Olney,* 78 Ill. 101; *City of Chicago* v. *Phœnix Ins. Co.* 126 id. 276; 23 Am. & Eng. Ency. of Law, 435, and note." To this rule of construction, however, there is an exception, which is, that where it plainly appears from a consideration of the entire act that the provision considered was intended by the legislature as an independent enactment, it may be so given effect without reference to the limitations of the preceding portions of the section to which it is apparently a proviso. (*In re Day,* 181 Ill. 73; Sutherland on Stat. Const. sec. 223; 26 Am. & Eng. Ency.

of Law,—2d ed.—679.) Appellant contends that the clause of the proviso upon which it relies falls within the exception to the general rule.

Section 122 of the Practice act of 1907 reads as follows: "The Supreme Court shall re-examine cases brought to it by appeal or writ of error from the Appellate Courts, as to questions of law only, except as otherwise provided in this act; and, in the cases aforesaid, no assignment of error shall be allowed calling in question the determination of the inferior or Appellate Courts upon controverted questions of fact therein."

Appellant regards the language now under consideration in the proviso to section 120 as being within the words "except as otherwise provided in this act," found in section 122, precisely as though the part of section 120 following the word "provided" constituted an independent section, and bases its conclusion principally upon the following line of argument: The portion of section 120 which was held to be unconstitutional applied only to actions at law where the Appellate Court reversed the judgment of the trial court without awarding a trial *de novo,* as the result, wholly or in part, of a finding of facts different from that of the trial court. Now, it is said by appellant that if that portion of the proviso which follows that so held to be unconstitutional applies only to cases mentioned in the part of section 120 which precedes the proviso, namely, those causes and proceedings where a final determination is made by the Appellate Court as the result, wholly or in part, of a finding of facts different from that of the trial court, then the second clause of the proviso, upon which appellant now relies, applies only to cases covered by the first part of the proviso, which we have held to be invalid, in which event the enactment of the last part of the proviso was entirely unnecessary, because, pursuing appellant's reasoning, the first part of the proviso, according to legislative view, included cases where the Appellate Court reversed

the judgment of the trial court without awarding a trial *de novo,* as the result, wholly or in part, of a finding of facts different from the finding of the trial court, which includes cases where the judges of the Appellate Court all agree as well as cases where they are divided in opinion. That is, appellant insists that appellee's contention leads to the conclusion that the second clause of the proviso covers only actions at law where the Appellate Court reverses without awarding a trial *de novo,* in which event the second clause of the proviso was wholly useless because *all* actions at law where the Appellate Court reversed without awarding a new trial were already included in the first clause of the proviso, and it is said the legislature must be held to have intended this second clause to have some effect.

This argument, in its entirety, is founded upon the erroneous presumption that the words found in the proviso, "actions at law where the Appellate Court reverses the judgment of the trial court without awarding a trial *de novo,* as the result wholly or in part of finding the facts different from the finding of the trial court," includes all causes and proceedings covered by the following language quoted from the part of section 120 which precedes the proviso, to-wit: "If any final determination of any cause or proceeding whatever except in chancery shall be made by the Appellate Court, as the result wholly or in part of the finding of the facts, concerning the matter in controversy, different from the finding of the court from which such cause or proceeding was brought." The language last quoted includes causes or proceedings not included in the language quoted from the first part of the proviso, and the second part of the proviso may therefore be held to apply to at least certain of the causes or proceedings included in the portion of the section which precedes the proviso and not included in the first part of the proviso. The words "any cause or proceeding whatever," which precede the proviso, are of wider significance than the words "actions at law,"

which, alone, are included in the first clause of the proviso. (*Brueggemann* v. *Young,* 208 Ill. 181.) Moreover, certain actions at law are included in the portion of the section preceding the proviso which are not included in the first clause of the proviso. An example of cases of that character is found in *Morris* v. *Wibaux,* 159 Ill. 627. In that case the plaintiff in the superior court of Cook county, upon a trial without a jury, recovered a judgment against the defendant for $54,515.90. Upon an appeal to the Appellate Court for the First District by defendant cross-errors were assigned, and that court made a finding of facts different from the finding of the superior court, and rendered a judgment in the Appellate Court against the defendant, and in favor of the plaintiff, for the sum of $62,364.91. The statute then in force required the Appellate Court to make a finding of facts in the causes to which it applies under the same circumstances as does the present law in the causes and proceedings to which it applies. The defendant then appealed to this court and here contended that the case was not one in which the Appellate Court was authorized to incorporate in its judgment a finding of facts. This court held, however, that the finding of facts was properly incorporated in the judgment under the provisions of the statute, saying: "The facts, in part, were found different by the Appellate Court from what they were found by the trial court and the Appellate Court found on all the material issues in the case. We are, therefore, bound by that finding." In discussing the question whether or not the case was one in which the Appellate Court should have found the facts it was said: "There may be a different finding of facts by the Appellate Court from the trial court without its being an absolute reversal," and the judgment of the Appellate Court in that case was by this court affirmed. It follows, therefore, that not even every action at law in which a final determination is "made by the Appellate Court as the result wholly or in part of the finding

the facts   *   *   *   different from the finding" of the trial court is an action at law "where the Appellate Court reverses the judgment of the trial court without awarding a trial *de novo.*"

We do not think it appears, upon a consideration of this entire act, that this proviso is within the exception to the general rule of construction that controls courts in determining the effect that shall be given to a proviso, but that it is limited by the language of that part of section 120 which precedes it, and has no application whatever to a case where the Appellate Court finds the facts to be the same as they were found to be by the trial court. That being true, we are by the reasoning in *Hecker* v. *Illinois Central Railroad Co. supra,* necessarily led to the conclusion that the portion of the proviso here relied upon by appellant is special legislation, violative of section 22 of article 4 of the constitution of the State, in that it confers upon an appellee or defendant in error in the Appellate Court the right to have this court review the facts in all cases, "except in chancery," where that court reverses without awarding a trial *de novo,* with a finding of facts adverse to appellee which is different from the finding of the trial court on the facts, provided the justices of the Appellate Court are divided in opinion, and does not confer a like right, in the event of a similar division, upon an appellant or plaintiff in error in the Appellate Court where that court affirms, finding the facts as did the trial court. Furthermore, it is to be observed that placing upon that portion of the proviso the construction which we have given it, the case at bar would not, in any event, fall within it, as the Appellate Court in this case did not find the facts to be different from the facts as found by the trial court.

While the meaning of the proviso is not free from doubt, we are confirmed in the construction which we have above placed upon that proviso by the manifest absurdity which will attend upon any other view. The legislature by this

proviso evidently intended to give to this court in the cases to which it applies, power to review the facts where the judges of the Appellate Court are divided "on the law." Any construction other than that which we have above indicated leads to this anomaly: Where the Appellate Court affirms a judgment finding the facts as did the trial court and there is no division among the judges of the Appellate Court, the finding of facts is final. Where, however, the Appellate Court affirms the judgment finding the facts, by the unanimous action of the judges, as did the trial court, but one of the judges dissents as to some legal proposition involved in the case, then the facts shall stand for review in this court, although the degree of unanimity among the judges of the Appellate Court as to the facts was the same in each instance. We do not think, upon consideration of the language of the various sections of the act, that the legislature intended to so provide. The conclusion which we have reached avoids the incongruity indicated.

It is also urged that the superior court erred in refusing to direct a verdict. Appellant, in discussing this assignment, disregards the rule which requires that only the evidence most favorable to the appellee shall be considered. Applying that rule, there is evidence which shows, or tends to show, the following state of facts: On Wallace street there is no street crossing between Thirty-fifth street and Thirty-third street. The McClellan school was located on the south-east corner of Thirty-fifth and Wallace streets. Appellee resided on the other side of Wallace street, at the south-west corner of Thirty-third and Wallace streets. At the time of the accident she was crossing Wallace street from the east side, on which the school house was located, to the west side, on which her home was situated. Over twelve hundred pupils attended this school. When the car reached Thirty-fifth street the school had just been dismissed for the noon intermission. Several hundred children were on the street between Thirty-third and Thirty-fifth

streets. The most of them were on the sidewalks but others were between the sidewalks. Some of the pupils had to cross Wallace street to reach their homes. Appellee had proceeded north on the east side of the street. Among the children going north on that side of the street there were twenty-five or thirty who were further north than appellee. When appellee started across the street she walked in a north-westerly direction until she was struck by the car, which was traveling north on the east track. As she left the sidewalk and approached the railway tracks a car was coming south on the track farthest from her and it passed her just a moment before she was struck by the other car. As she proceeded into the street from the sidewalk she glanced back toward the companion with whom she had been walking. The car was running north at a speed of seven or eight miles per hour. The evidence indicates that appellant was not guilty of any negligence after appellee left the sidewalk, and that after that moment the motorman did everything in his power to bring the car to a speedy stop. The brake used on the car was of that type referred to as a ratchet-brake. This was completely unwound, leaving considerable slack in the brake-chain, which it was necessary to take up by winding before the brake could be applied to the wheels. The time necessary to shut off the power was one second, and after the power was shut off it required two seconds to wind the brake to the point where it would begin to act on the wheels. We think the jury might reasonably find that the motorman, as he proceeded north from Thirty-fifth street, should have anticipated the probability of these children just out of school coming upon the tracks, and might reasonably find that the appellant was guilty of negligence in that the motorman did not operate the car at a lower rate of speed than seven or eight miles per hour after he left Thirty-fifth street, and in that the motorman did not keep the brake-chain partly wound up until after he had passed the children, so that

235—9

he could make the brake effective in less time than he could with it in the condition in which it actually was.

Appellant cites a number of cases in which it was held, as a matter of law, that reasonable care did not require a motorman whose car was traveling at a reasonable rate of speed, to slacken the speed of the car merely because he saw children on the street between the sidewalk and tracks in advance of the car. Those are all cases in which there was nothing to indicate to the motorman that the children in the street were apt to go upon or attempt to cross the tracks. Here several hundred school children, many of them but six years of age, had just been freed from the restraints of the school room. Any man of ordinary intelligence knows that children are then more apt to run and play in heedless glee than under ordinary circumstances, and that while so doing they will pay less attention to their immediate surroundings, and exercise less discretion, than they commonly do. The appellant was chargeable with this knowledge, and that being true, it was for the jury to say whether it was guilty of negligence in propelling the car at the rate of speed at which it traveled, and in failing, by its motorman, to have the brake-chain so wound up as that the brake could be instantly applied if necessity for stopping the car or lessening its speed arose. Appellee being less than seven years of age, no contributory negligence could be imputed to her.

The motion for a peremptory instruction was properly denied. The judgment, however, must be reversed for error of the superior court in giving the second instruction requested by the appellee, which reads as follows:

"The court instructs the jury that if you believe, from the evidence, that the plaintiff, Myrtle Hackett, at the time of the accident in question was a child between the age of six and seven years, then she cannot, because of her tender years, be guilty of or be charged with carelessness or negligence in respect to the accident in this case so as to re-

lieve at all any want of due care on the part of the Chicago
City Railway Company, defendant, so that if the jury fur-
ther believe, from the evidence, that the accident causing
the injury to the plaintiff was due to want of ordinary care
by the defendant railroad then you must find a verdict for
the plaintiff, and no want of care by the plaintiff, Myrtle
Hackett, will save defendant from liability for the accident."

The objection is that the instruction, which directs a
verdict upon certain proof, permits a recovery upon evi-
dence of negligence not charged by the declaration. That
instruction seems to have first appeared in this court in *Chi-
cago City Railway Co.* v. *Tuohy,* 196 Ill. 410. It was there
attacked on the ground that the question whether the child
could be guilty of contributory negligence was one of fact
and not of law. We held that the instruction was not er-
roneous so far as that objection was concerned. That hold-
ing has nothing to do with the question here presented. In
*Ratner* v. *Chicago City Railway Co.* 233 Ill. 169, an in-
struction was given for the plaintiff based on the hypothesis
that the plaintiff was in the exercise of ordinary care and
caution for his own safety, and advising the jury further,
that if they believed, from all the evidence in the case, "that
the plaintiff was injured by such collision, and that the de-
fendant, the Chicago City Railway Company, could have
avoided such collision by the exercise of the highest degree
of care consistent with the practical operation of the road,
then you should find the defendant, the Chicago City Rail-
way Company, guilty." That instruction is identical with
the one in the case at bar so far as the question now under
consideration is concerned. In the *Ratner case* the instruc-
tion was held bad because it did not limit the negligence
of the defendant which would warrant a recovery to that
charged by the declaration, and it was further held that
the instruction was not cured by other instructions which
did confine the right of recovery to the proof of negligence
charged by the declaration. The case here is stronger for

the appellant than was the case there presented, for this reason: it does not appear in that case that there was proof which the jury could have regarded as tending to establish any negligence except such negligence as was charged by the declaration, while in the case at bar there was evidence which the jury may have regarded as proving that the appellant was negligent in using the ratchet-brake instead of an air-brake. The proof showed that the latter was used by appellant on newly constructed cars; that it is a more efficient brake, and can be applied more readily than the one used on the car which struck appellee.

It is said, however, in respect to this situation, by the appellee, that the third count charged that it was the duty of the defendant herein to provide suitable and safe contrivances and devices upon its cars for the purpose of braking and stopping them when necessary, so as to prevent risk of injury to persons and vehicles. Such an allegation is found in that count, and that count states a good cause of action against appellant for negligently running the car at a high and dangerous rate of speed, but there is found therein no averment that the appellant failed to provide such contrivances and devices. In *McAndrews* v. *Chicago, Lake Shore and Eastern Railway Co.* 222 Ill. 232, it was said that in order to charge actionable negligence it is necessary to aver "(1) the existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure of the defendant to perform that duty; and (3) an injury to the plaintiff resulting from such failure," and that the omission of either of these elements from the declaration renders it insufficient to sustain a judgment for negligence, even after verdict. It follows, therefore, that as a failure to provide the suitable and safe devices and contrivances mentioned was not charged by the third count of the declaration, negligence in that respect was not negligence proof of which would have warranted the jury in finding a verdict in favor of appellee.

Appellant insists that there was evidence which a jury would regard as tending to prove still other negligence not charged by the declaration. Whether this is true we deem it unnecessary to determine. The *Ratner case* must be regarded as controlling.

Other propositions urged by appellant are without merit.

The judgment of the Branch Appellate Court and the judgment of the superior court will be reversed and the cause remanded to the latter court for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*

Mr. JUSTICE HAND, dissenting:

I do not agree with the majority opinion in this case. Section 122 of the Practice act of 1907 provides that this court shall re-examine cases brought to it by appeal or writ of error from the Appellate Courts as to questions of law only, except as otherwise provided in said act. There is, therefore, created an exception to said section. If we look to the other provisions of said act we find that section 119 provides for appeals from the Appellate Courts to this court in all appealable cases in which the justices of the Appellate Courts are divided in opinion upon the law or facts; and section 120, that in case of appeal and the justices of the Appellate Court are divided in opinion on the law or facts, in that case the judgment of the Appellate Court shall not be binding on this court as to the facts, but both the facts and the law shall stand for review in this court.

From these provisions of the Practice act I think it clear that the legislature intended to provide that in all cases which may rightfully come to this court by appeal or writ of error through the Appellate Court, where there is a disagreement between the justices of the Appellate Court in opinion upon either the law or the facts, the facts shall remain open in this court the same as they were open in the Appellate Court, and that the general rule announced as

governing provisos to statutes in the majority opinion does not apply to the last clause of said section 120, but that said clause falls within the exception to the general rule admitted to exist in that opinion. This being true, the provisions of the Practice act providing for a review of the facts by this court in cases coming to this court through the Appellate Court, when there is a division of opinion of the justices of that court, is not special legislation and obnoxious to the provisions of the constitution, as the last clause of section 120 applies to all cases coming to this court from the Appellate Court where there is a division in opinion of the justices of that court. The majority opinion ignores entirely section 119 of the Practice act in reaching what I think is too narrow a construction of the last clause of section 120 of the Practice act, and does violence to its meaning when considered in connection with sections 119 and 122 of that act. In other words, my view is that the last clause of section 120 is not limited in its effect to that section. An act of the legislature should never be held unconstitutional unless it is clearly in violation of the provisions of the constitution.

I am also of the opinion that the jury were not misled by the instruction referred to in the majority opinion, and for the giving of which the judgments of the Appellate and superior courts are reversed.

Mr. CHIEF JUSTICE CARTWRIGHT: I concur in the views expressed by Mr. Justice HAND, that the proviso in question is not limited to section 120 and is not repugnant to the constitution.

Mr. JUSTICE VICKERS: I concur in the views expressed in the dissenting opinion of Mr. Justice HAND.