KATE HEUERMANN, Admx., Plaintiff in Error, *vs.* WILLIAM H. McDOEL, Receiver, Defendant in Error.

*Opinion filed February 19, 1909—Rehearing denied April 7, 1909.*

CONSTITUTIONAL LAW—*provision of the Practice act authorizing Supreme Court to review facts is invalid.* The provision of section 120 of the Practice act of 1907, purporting to authorize the Supreme Court to review both the facts and the law in cases where the justices of the Appellate Court are divided in opinion on the law or facts, is unconstitutional.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

WHITMAN & HORNER, (LLOYD C. WHITMAN, of counsel,) for plaintiff in error.

G. W. KRETZINGER, and L. L. SMITH, for defendant in error.

Per CURIAM: Kate Heuermann, administratrix of the estate of Peter Heuermann, deceased, has sued out a writ of error from this court to review a judgment of the Branch Appellate Court for the First District reversing, with a finding of facts adverse to plaintiff in error, a judgment recovered by her in the circuit court of Cook county against William H. McDoel, receiver of the Louisville, New Albany and Chicago Railway Company, defendant in error, in an action for damages occasioned by the death of plaintiff in error's intestate, alleged to have been caused by the negligence of the said railway company. The cause was not remanded.

The justices of the Branch Appellate Court were divided in opinion, Judge Baker dissenting from the finding of facts and from the judgment entered. Plaintiff in error seeks to have the facts reviewed by this court by virtue of that portion of the proviso to section 120 of chapter 110, Hurd's Revised Statutes of 1908, which reads as follows, to-wit: "In cases where the justices of the Appellate Court are divided in opinion on the law or facts, and the cause is taken by appeal or writ of error to the Supreme Court, then the provision that the judgment of the Appellate Court shall be final as to the facts, shall not apply, and both the facts and the law shall stand for review in the Supreme Court as in the Appellate Court."

The provision just quoted has been held by this court to be unconstitutional in each of five cases: *Hackett* v. *Chicago City Railway Co.* 235 Ill. 116; *Reinhardt* v. *Chicago Junction Railway Co.* 235 id. 576; *Wegienska* v. *Studebaker Bros. Manf. Co.* 235 id. 296; *Mozeiko* v. *Lehigh Valley Transportation Co.* 235 id. 324; *Kehoe* v. *Field & Co.* 237 id. 470.

Counsel for plaintiff in error ask that the question of the constitutionality of this enactment be re-examined. We have considered the arguments advanced and the authorities referred to by them and are of opinion that we should adhere to the conclusion announced in each of the cases herein above cited.

The judgment of the Branch Appellate Court will accordingly be affirmed.        *Judgment affirmed.*