144 So. 573

## OGLETREE et al. v. TATE.

### 7 Div. 157.

Supreme Court of Alabama.
Nov. 25, 1932.

Young & Longshore, of Anniston, for appellants.

J. B. Holman, Jr., of Anniston, for appellee.

BROWN, J.

This bill is filed by the appellee, a judgment creditor, "without a lien" under section 7342 of the Code of 1923, to set aside a voluntary conveyance made by the judgment debtor to his wife and children.

The bill avers: "That on the 5th day of August, 1921, Louis E. Ogletree was indebted to complainant, which was evidenced by a promissory note, and on the 25th day of August, 1927, said indebtedness represented by said promissory note of August 5th, 1921, was renewed and thereupon the said Louis E. Ogletree executed another note to said S. W. Tate for the said sum of five thousand dollars, which he owed on the 5th day of August, 1921, and on which note the said S. W. Tate brought suit in the Circuit Court of Calhoun County, Alabama, in the year 1931, and on the 5th day of February, 1932, there was rendered a judgment in favor of said complainant against the respondent, Louis E. Ogletree, in the name of L. E. Ogletree, who is identical with Louis E. Ogletree," for the sum evidenced by said note, interest, and costs, no part of which has been paid, etc.

The conveyance sought to be set aside was executed on the 28th day of May, 1927, and is alleged to be a "deed of gift" expressing a consideration of one dollar "and natural love and affection."

The appellants' first contention is that it does not appear from the averments of the bill that complainant was an existing creditor at the date of the execution of the deed. Non constat that the note executed on the 25th day of August, 1927, was given in payment and satisfaction of the debt evidenced

by the note of August 5, 1921. This contention ignores the averment of the bill that the second note was a renewal of the former indebtedness. And, moreover, the deed was executed prior to the execution of the second note and while the first note was unsatisfied.

The next contention of appellants is that before the complainant can attack the conveyance, he must allege· and prove that the debtor owned the property at the time the debt was contracted, citing, as supporting this contention, Coosa Land Co. v. Stradford, 224 Ala. 511, 140 So. 582, 583.

That was a garnishment proceeding, and the utterance relied on here is: "So far as this record shows, plaintiff's status as a creditor dates from his judgment in 1930. The sale of lands and the passing of the proceeds all occurred as early as 1928 or 1929. *It does not appear plaintiff did or could have extended credit because of the ownership of such lands.* No case of fraud as against him is presented." (Italics supplied.) What the writer of that opinion seems to have had in mind was that the facts developed at most showed voluntary transfer of the claim— without consideration—and inasmuch as the plaintiff in that case was not a creditor when the transfers were made, such constructive fraud was not sufficient to warrant an avoidance of the transfers, that actual fraud must be shown. Elyton Land Company v. Iron City Steam Bottling Works, 109 Ala. 602, 20 So. 51.

That principle is not applicable here. A voluntary conveyance, though valid as between the parties to it, is fraudulent and void as a matter of law as to existing creditors without regard to the solvency or insolvency of the debtor or'the intention of the parties thereto. Bibb, Adm'x, v. Freeman et al., 59 Ala. 612; Dickson et al. v. McLarney et al., 97 Ala. 383, 12 So. 398; Rice et al. v. Eiseman Bros. & Co. et al., 122 Ala. 343, 25 So. 214; Wooten et al. v. Steele et al., 109 Ala. 563, 19 So. 972, 55 Am. St. Rep. 947.

And if it should be made to appear that the debtor has other property securing the payment of the debt sought to be enforced, this would not arm the debtor or his voluntary grantees with the right to arrest the creditor in pursuing the property so conveyed, and compel the marshaling of the debtor's assets. Lehman et al. v. Meyer et al., 67 Ala. 396; Fidelity Mortgage Bond Co. v. Morris et al., 191 Ala. 318, 68 So. 153, Ann. Cas. 1917C, 952.

The decree of the circuit court overruling the demurrers to the bill is in accord with these principles, and it is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.