144 So. 870

## BOOKER et al. v. BOOKER.

### I Div. 719.

Supreme Court of Alabama.

Dec. 15, 1932.

C. L. Hybart, of Monroeville, for appellants.

J. D. Ratcliffe, of Monroeville, for appellee.

ANDERSON, C. J.

This case has been before this court upon former appeal. Booker v. Booker, 220 Ala. 367, 125 So. 212.

As we understand the facts, the appellee's husband bought a house and lot in the town or village of Excel, and which has ever since been the homestead. To secure the purchase money a mortgage was given on said house and lot, and, as additional security, a separate mortgage was given on a small tract of farm land. While two separate and distinct mortgages were given by the same parties upon separate and distinct pieces of land, they were both for the same debt, that is, the purchase money for the homestead.

Upon former appeal, this court sustained the equity of the cross-bill upon the sole theory that this appellee had the right, under the evident doctrine of marshaling securities, to compel the mortgagee, or assignee of same, to first foreclose the mortgage against the farm land and to thereby protect the homestead from being subjected to the mortgage indebtedness except to the extent of what the proceeds of the sale of the farm land lacked in paying the mortgage indebtedness, and it is this holding that the appellant asks us to review, and this being a second appeal in the same case, we must not be bound by the former ruling under the terms of section 10287 of the Code of 1923.

The principle of marshaling assets had its origin in the desire of the chancellor to protect junior creditors, and, in its early application, was considered solely with regard to the respective rights of the creditors. The debtor was given no hearing and allowed no voice in the matter. Even today this equity is not, as a rule, administered at the suit of the debtor, but only at the instance of one creditor against another. There are, however, cases where the court will apply the principle for the benefit of the debtor. Thus, the owner of a tract of land, who mortgages it and then conveys it in consideration of the buyer's assuming the mortgage, and giving a note for the rest of the purchase price, secured by a second mortgage on a part of the tract, is not precluded by the fact that he is personally liable for the payment of the first mortgage from requiring a marshaling of securities so that the parcel of land on which he has no lien shall be appropriated to the payment of the first mortgage before the remainder of the tract is resorted to for that purpose. There are other rare instances in which the debtor or mortgagor has been ac-

corded/the right to procure a marshaling of assets. 18 R. C. L. pages 459 and 463, §§ 7 and 12. It seems well settled, however, by the weight of authority, Alabama included, that a mortgagor, who includes the homestead with other property in the mortgage, has no right to require the mortgagee to proceed first against the security not embracing the homestead. Searle v. Chapman, 121 Mass. 19, Bramlett v. Kyle, 168 Ala. 325, 52 So. 926.

The fact that the mortgage covers a homestead, and other property, gives the debtor no right to have the latter property first applied to the payment of the mortgage debt so that he may save the homestead, according to the weight of authority. Jones on Mortgages (8th Ed.) vol. 3, § 2097, and many cases cited in note 6.

"If one holds two mortgages on different parcels of land, or one mortgage on two parcels of land, to secure the same debt, in the absence of any equities in subsequent purchasers, he may foreclose either one without the other, and a foreclosure of one will bar a foreclosure of the other only when the land foreclosed is equal in value to the debt." Jones on Mortgages, § 2094.

It also seems that, even in those jurisdictions where the marshaling in favor of the mortgagor is permitted, it does not apply when the mortgage on the homestead was for the purchase money, as here. McDaniel v. Westberry, 74 Ga. 380; Gaither v. Wilson, 164 Ill. 544, 46 N. E. 58.

■ As we understand, from the various amendments to the cross-bill, after the decision by this court, the complainants then sold, under the power of the mortgage, the sixty-acre tract, just the thing the cross-complainant asked for under her third ground for relief, and the only ground upon which the former opinion, though unsound, held she was entitled to relief. But the cross-complainant, by amendment to her cross-bill, says the sale should be set aside because not made by the court instead of under the power given by the mortgage, and we are referred to the case of Carroll v. Henderson, 191 Ala. 248, 68 So. 1. That case does not hold that a sale under the mortgage is invalid, but when made during the lis pendens it could not impair the mortgagor's right of redemption. Here, the cross-complainant was not seeking to redeem under the sixty-acre mortgage, but to have said land sold first to satisfy the mortgage debt before proceeding to foreclose the one on the homestead and which was done, and in strict compliance with the terms of the mortgage, aught appearing from the amended cross-bill. As we understand, the cross-bill, as last amended and to which the decree appealed from relates, the cross-complainant sets up that the purchaser, at the mortgage sale of the sixty acres, has mortgaged the same to the bank and makes the bank a party. It also charges the bank with actual notice or notice of facts to put it on inquiry and then proceeds not to have the sale set aside, or to redeem, or to have the proceeds credited on the mortgage on the homestead, but seeks to hold the assignees of the mortgage accountable for the value of the land and the use of same, regardless of the sale under the power. We have a line of cases holding that this can be done when the mortgagee so disposed of some of the mortgaged property that it has fallen to an innocent purchaser and thereby cut off the redemption rights of the mortgagor. Van Heuvel v. Long, 200 Ala. 27, 75 So. 339; Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A. L. R. 1084; Faulk v. McDuffie, 215 Ala. 584, 112 So. 229. The amended cross-bill, however, charges the mortgagee bank with actual or constructive notice of the lis pendens, and these cases do not therefore apply, and this cross-complainant can only affirm the sale and have the proceeds credited on the homestead mortgage, or have the sale canceled and the property resold. But as to the latter, the cross-bill does not make out a case for equitable relief.

While the cross-bill does not set up any equity for affirmative cross-relief, some of the facts therein disclosed should, of course, operate as a defense pro tanto to the bill to foreclose the mortgage on the homestead. The former opinion is hereby overruled in so far as it held that the cross-bill contained equity for marshaling securities.

The circuit court erred in overruling the demurrer to the amended cross-bill, and a decree is here rendered reversing the circuit court and sustaining the demurrer, and the cause is remanded.

Reversed, rendered, and remanded.

All the Justices concur.