Belknap,
Dec. 3, 1946. } No. 3620.

JOHN J. LESSARD *v.* GUY E. DARKER & a.

210

*Harold E. Wescott* (by brief and orally), for the plaintiff.

*Maurice A. Broderick* (by brief and orally), for the defendant.

BURQUE, J. Ordinarily the rule of marshalling assets does not apply as between debtor and creditor; the doctrine applies only as between

different judgment, attaching or lienholding creditors. The equity is not administered at the instance of the debtor or unsecured creditors. 35 Am. Jur. 394; 38 C. J. 1378; *Searle* v. *Chapman*, 121 Mass. 19; *General Ins. Co.* v. *U. S. Ins. Co.*, 10 Md. 517; *Sowell* v. *Federal Reserve Bank*, 268 U. S. 449.

Our cases in which the above doctrine has been considered are all cases dealing with claims of lienholders and secured creditors, and lend support to the above doctrine. *Kidder* v. *Page*, 48 N. H. 380; *Gregg* v. *Thurber*, 69 N. H. 480; *Staniels* v. *Whitcher*, 73 N. H. 152; *Barbin* v. *Moore*, 85 N. H. 362; *Sanborn Co.* v. *Keefe*, 88 N. H. 236.

The motion made to have plaintiff exhaust his remedy against the Stiles Co. before he proceed to levy on defendant's real estate, though stating it was brought in favor of himself and his wife Esther, and such other creditors as may elect to join, is signed only by the defendant himself. No claim is made therein that Esther is a creditor. As appears she is only a part owner in common with her husband of the real estate attached. This real estate is subject to a prior mortgage, and of course all the interest that plaintiff could attach was the defendant's equity therein. Defendant's allegation in the motion that his wife's real estate has been attached is not supported by any evidence or finding in the case. Any attempt at attaching her interest would be ineffective since there is no claim of any indebtedness to the plaintiff on her part. Her interest is fully protected, since levy on execution can be made only on defendant's equitable interest in the property.

Other subsequent attaching creditors not having intervened and asked that the assets be marshalled, the issue is not before us.

Plaintiff having two courses available to enforce his claim, he may select the one he prefers. *Kidder* v. *Page, supra*, 383; *Morton* v. *Grafflin*, 68 Md. 545. The Presiding Justice was right in so ruling; the reasons given therefor are sound. The plaintiff is entitled to judgment and execution to levy thereon.

*Exception overruled.*

All concurred.