TORBERT, Chief Justice.
Janice Peterson sued the Brent Banking Company over the foreclosure of several mortgages the bank held on some .real property that she owned. The bank instigated its foreclosure proceeding due to the default by the plaintiff and her former husband on several notes, notes secured in part by those mortgages. These notes, in addition to being secured by the mortgages on the realty, were also secured by several security interests in personal property. The plaintiff argued that the foreclosure of the real estate was improper and should be set aside. The trial court disagreed, and it granted the defendant bank’s motion for summary judgment, from which the plaintiff appeals. We affirm.
The plaintiff’s primary argument against the foreclosure is that the bank should have been required under Ala.Code (1975), § 35-11-4, to marshal the assets securing the various notes. This statute essentially codifies the equitable doctrine of marshaling assets, see In re The Computer Room, Inc., 24 B.R. 732, 736 (Bankr.N.D.Ala. 1982), a doctrine well established in our cases, beginning with Nelson v. Dunn, 15 Ala. 501 (1849). See In re The Computer Room, Inc., 24 B.R. at 736. The plaintiff *889 argued that the doctrine required the bank to look to the security interests in the personal property securing the notes before pursuing the plaintiffs real property. The trial court disagreed, and the plaintiff asserts that this was error.
We hold that the trial court correctly granted a summary judgment on this issue. It is the rule of this jurisdiction, and also the general rule elsewhere, that the doctrine of marshaling assets may usually be invoked only by creditors of a defaulting debtor, and not by the debtor himself. See Ewing v. Bay Minette Land Co., 232 Ala. 22, 166 So. 409 (1936); Booker v. Booker, 225 Ala. 626, 144 So. 870 (1932); Ogletree v. Tate, 225 Ala. 608, 144 So. 573 (1932); Sowell v. Federal Reserve Bank, 268 U.S. 449, 45 S.Ct. 528, 69 L.Ed. 1041 (1925). See generally 55 C.J.S. Marshaling Assets and Securities, § 15 (1948) (“[w]ith some exceptions, as in the case of exempt property, a debtor, ordinarily, cannot invoke the doctrine of marshaling”). As undisputed mortgagor of the property subjected to foreclosure, the plaintiff had no standing to invoke the doctrine in this case.
This result is fully consonant with the equities the doctrine of marshaling assets was fashioned to serve. “The equitable doctrine of marshaling rests upon the principle that a creditor having two funds to satisfy his debt may not, by his application of them to his demand, defeat another creditor, who may resort to only one of the funds.” Sowell v. Federal Reserve Bank, 268 U.S. at 456-57, 45 S.Ct. at 530 (emphasis added); see Booker v. Booker, 225 Ala. at 626, 144 So. at 870-71. The policy to be served by the doctrine — the protection of the rights of junior creditors — is not advanced when a debtor attempts to invoke the doctrine against his creditor. Indeed, allowing a debtor to invoke the doctrine would have the effect of vitiating the contract between the debtor and his creditor, a contract on which the creditor has justifiably relied.
“But as between the debtor himself and the creditor where the latter has a formal obligation of the debtor, and also a security or a fund to which he may resort for payment, there seems no ground to say (at least unless some other equity intervenes) that a Court of Equity ought to compel the creditor to resort to such fund before he asserts his claim by a personal suit against his debtor. Why in such case should a Court of Equity interfere to stop the election of the creditor as to any of the remedies which he possesses in virtue of or under his contract? There is nothing in natural or conventional justice which requires it.”
2 J. Story, Commentaries on Equity Jurisprudence, § 861, at 241 (14th ed. 1918); see Sowell v. Federal Reserve Bank, 268 U.S. at 457, 45 S.Ct. at 530; 55 C.J.S. Marshaling Assets and Securities, § 15 (1948). Accordingly, the trial court correctly refused to set aside the foreclosure, having properly rejected the plaintiff's argument that the bank should have marshaled assets in this case.
We reach this conclusion fully cognizant of the fact that this case arises in a difficult and complex factual setting and fully aware that there are some limited exceptions to the general rule. See Booker v. Booker, 225 Ala. at 626, 144 So. at 870-71. The loans secured by the mortgages and security interests were used, at least in part, to finance a business venture undertaken by the plaintiff’s former husband. The marriage apparently began to fail at approximately the same time as the business, resulting in a divorce proceeding. As a consequence of the divorce, the jointly held realty subject to the mortgages was given over to the plaintiff, and the plaintiff’s former husband was ordered to pay the debts owed the bank out of the profits of the business. When the husband’s business failed and the debts were not paid, the bank foreclosed its mortgages on the realty.
In spite of the difficulties of the plaintiff’s position, however, these facts do not appear to fit within any exception to the general rule heretofore recognized in Alabama.[1] The plaintiff had mortgaged the *890 property jointly with her husband prior to the divorce; she took the realty subject to the mortgages subsequent to the divorce; and she continued to serve as a co-maker of renewal notes, along with her former husband, after the divorce. Under these facts, the plaintiff was the bank’s debtor, and she could not, under the doctrine of marshaling, require the bank to choose between its remedies upon default of the loan. In short, there is no genuine issue of material fact on this issue, and the defendant was entitled to a judgment as a matter of law. See Rule 56(c), Ala.R.Civ.P.
We have carefully considered the many other grounds advanced by the plaintiff for reversal and we find them also to be without merit, either because they ultimately depend upon the right of the plaintiff to marshal assets, because they were not argued in the trial court, or because they are not supported by law.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
JONES, SHORES, ADAMS and STEAGALL, JJ., concur.

. This jurisdiction is especially conservative in its application of the doctrine of marshaling *890 assets, refusing, for instance, to recognize a "debtor's" exception for exempt property, an exception established in many other jurisdictions. Compare Booker v. Booker, 225 Ala. 626, 627, 144 So. 870, 871 (1932) ("a mortgagor, who includes the homestead with other property in the mortgage, has no right to require the mortgagee to proceed first against the security not embracing the homestead") with 55 C.J.S. Marshaling Assets and Securities, § 15 (1948) ("modern equitable principles have extended the doctrine in many instances to include debtors, particularly with respect to their homesteads and other exempt property").