# RAY *vs.* ADAMS ET AL.

[BILL IN EQUITY TO FORECLOSE MORTGAGE AGAINST MORTGAGOR, AND JUDG-
MENT CREDITOR WHO PURCHASED WITH NOTICE, AT SHERIFF'S SALE.]

1. *Homestead; what can not deprive debtor of right to exemption of.*—A judgment creditor can not deprive his debtor of his homestead exemption by putting him to his selection, selling under execution, and buying that of his property not covered by the exemption, and then requiring a prior mortgagee of the whole to apply the homestead first to the satisfaction of his mortgage.

APPEAL from Chancery Court of Mobile.
Heard before Hon. ADAM C. FELDER.

Adams filed his bill to foreclose a mortgage upon certain real estate, given to secure payment of the purchase money. Edward Fitzpatrick, the purchaser, and James Ray, an execution creditor of Fitzpatrick, were made defendants. Ray admitted the superiority of Adams' lien, but charged in a cross bill that his execution had been levied on the mortgaged premises. Fitzpatrick had claimed a portion of it as his homestead, and exempt from levy and sale, and the remainder had been sold under the execution and bought by him. He claimed, therefore, both as judgment creditor and subsequent purchaser, that Adams should be required to sell first the part chosen by Fitzpatrick as his homestead, in order that any excess of land or money might be distributed to him. The chancellor dismissed the cross bill, and ordered all of the property to be sold generally, and payment made of Adams' debt. From this decree the defendant, Ray, appeals.

LYMAN GIBBONS, for appellant. (The appellant's brief did not come into the Reporter's hands.)

BOYLES & OVERALL, *contra.*—This court will respect and enforce the exemption laws whenever a proper case is

brought to its attention.—*Keiffer v. Barney Bros.*, 31 Ala. 193.

How can it be shown that the execution creditor has any superior equity to the exemption in favor of the head of the family?—*Watson v. Simpson et al.*, 5 Ala. 233.

The doctrine of marshaling of assets does not apply in this case.—Story's Eq. § 560.

B. F. SAFFOLD, J.—The point at issue is, which is the superior right, the debtor's claim to the exemption of his homestead, or that of his creditor to the payment of his judgment?

Notwithstanding Adams, by his contract, had a lien which excluded Fitzpatrick's privilege of exemption against him, and between him and Ray he might have been required to sell the land in parcels so as to preserve the rights of the subsequent creditor; yet, the right of exemption came in next to the contract lien. It was prior to the lien of the judgment, and even if not, would have prevailed over it.—*Watson v. Simpson*, 5 Ala. 233; *Hale v. Cummings*, 3 Ala. 398; *Lamar v. Gunter*, 39 Ala. 324; Rev. Code, §§ 2880, 2884.

If a judgment creditor may put his debtor to the selection of his homestead, and sell a portion of his property not protected by it, and then require a mortgagee of the whole to apply the homestead first to the satisfaction of his mortgage, he would deprive the debtor of his homestead, which he could not do if there was no mortgage. How can the mortgage thus enlarge his remedy?

The decree is affirmed.