# First National Bank of Talladega v. Browne.

*Bill in Equity to quiet Title.*

1. *Homestead; sale thereof can not be impeached by creditors.*—The sale and conveyance of property exempt to the grantor as a homestead, can not be impeached by his creditors; and this is true, notwithstanding the sale may have been fraudulent and made for the purpose of hindering, delaying and defrauding his creditors.

2. *Same; right of judgment creditor to be subrogated to the rights of mortgagee of·homestead.*—Where a debtor, after having executed a mortgage upon his homestead, makes a general assignment for the benefit of his creditors, and in the distribution of the assets the mortgagee of the homestead receives a *pro rata* payment, a judgment creditor who had recorded his judgment in the office of the judge of probate of the county of the debtor's residence, and whose judgment contained no waiver of homestead exemptions, has no interest in the homestead conveyed in the mortgage, which entitles him to be subrogated to the rights of the mortgagee, even to the extent the mortgagee participated in the distribution of the funds arising from the property assigned, or entitling him to a marshalling of the debtor's assets.

APPEAL from the City Court of Talladega, in Equity. Heard before the Hon. G. K. MILLER.

The appellee, Sarah B. Browne, filed the bill in this case against the First National Bank of Talladega to quiet title to real estate and to compel the determination of claims thereto, as provided by the statute (Code, §§ 809-813). The requisite statutory averments to give the bill equity were contained in the bill. The respective claims of the claimant and the defendant are sufficiently stated in the opinion of the court.

On the final submission of the cause on the pleadings and proof, the chancellor rendered a decree in favor of the complainant and establishing an absolute

title to the lot in question in the complainant, and ordered that the respondent be perpetually enjoined from setting up any claim, right, title or interest in said lot. From this decree the respondent appeals, and assigns the rendition thereof as error.

KNOX, BOWIE & DIXON, for appellant.—An insolvent debtor can only convey or sell a life interest in his homestead provided this conveyance is made for the purpose of hindering, delaying or defrauding his judgment creditors or for a nominal consideration.—*Fellows v. Lewis*, 65 Ala. 343; *Caldwell v. Pollock*, 91 Ala. 353.

The right of a claim of exemption is in the debtor and not a purchaser from the debtor. The homestead exemption could be set up in a suit against Hendricks but not by Mrs. Browne, who fraudulently purchased said property.—*Kennedy v. First Nat. Bank of Tuscaloosa*, 107 Ala. 107; *Pullman P. C. Co. v. Henderson*, 120 Ala. 103.

The creditors of Hendricks were entitled to the surplus of the property on which Lewis had a lien to the extent that Lewis' claim was reduced out of the assigned funds.—3 Am. & Eng. Ency. Law (2d ed.), p. 142 and cases there cited.

This is a well established law, it being simply in the nature of subrogation or marshalling. See *Gusdorf & Co. v. Ikelheimer*, 75 Ala. 153; *Chapman v. Hamilton*, 19 Ala. 121; Bispham's Prin. of Equity, 7, 402; 3 Pomeroy Equity Jurisprudence, par. 1414; 24 Am. & Eng. Ency. Law, 275. It does not matter whether the security be on a homestead or not. See 14 Am. & Eng. Ency. Law, 618 and citations thereunder.

BROWNE & DRYER, *contra*.—A recorded judgment is no lien on a homestead.—*Pollak v. McNeil*, 100 Ala. 203; *Caldwell v. Pollak*, 91 Ala. 357. A creditor cannot complain of the sale of a homestead by an insolvent debtor.—*Fuller v. Whitlock*, 99 Ala. 415; *Wright v. Smith*, 66 Ala. 516; *Lehman, Durr & Co. v. Bryan*, 67 Ala. 558; *Clarke v. Spencer*, 75 Ala. 56; *Hodges v. Winston*, 95 Ala. 517.

An otherwise secured creditor is properly paid his *pro rata* share by the assignee of a general assignment. *Phila. Warehouse Co. v. Anniston Pipe Works*, 106 Ala. 357. A creditor cannot force a senior incumbrancer of a larger tract of land, either directly or indirectly, to foreclose upon the included homestead, in order that the non-homestead lands, covered by the incumbrance, may be subject to the debt of such creditor.—*Ray v. Adams*, 45 Ala. 168.. Whatever may be the decision of other courts and the laws of other States with respect to the marshalling of assets and the forcing of a senior incumbrancer to foreclose his lien, in Alabama a senior incumbrancer cannot be forced to foreclose his lien.—*Ware's Case*, 92 Ala. 145; *Mitcham's Case*, 98 Ala. 635; *Bingham's Case*, 93 Ala. 283; *Kelly's Case*, 78 Ala. 203. The purchase of a homestead from an insolvent debtor for cash paid him, does not constitute a fraud upon the rights of his crediaors.—*Pollak v. McNeil*, 100 Ala. 203.

SHARPE, J.—This suit is brought under the statute (Code, section 809 *et seq.*), to have determined as between complainant and defendant their respective rights in a lot in Talladega.

The complainant claims as a purchaser from J. J. Hendricks, and the respondent asserts an interest in the lot as a creditor of Hendricks. The following facts appear of record and are undisputed. During the year 1898 and at the time of the occurrences which gave rise to the claims of both parties, the lot in controversy was Hendricks' homestead, and was of the value of $1,800 and not more. It was subject to a mortgage held by J. M. Lewis for a balance due him from Hendricks as purchase money for the lot, amounting to $1,740. Defendant held a note against Hendricks given in January, 1898, payable in March of that year. Shortly after the note became due, Hendricks made an assignment of property for the benefit of creditors, reserving therefrom the homestead lot. In June, 1898, defendant obtained and registered a judgment on the note against Hendricks in which there was a recital of his

waiver of exemptions as to personal property only. Defendant and Lewis both participated as creditors in the distribution of funds by the assignee; Lewis receiving on his mortgage debt $533.80. In December, 1898, complainant with notice of the facts stated, bought the lot of Hendricks and received his conveyance, for the price of $1,550, which was settled by her paying $450 in cash and assuming to pay the amount remaining unpaid on Lewis' mortgage, amounting to $1,100.

By the common law, lands were not subject to the payment of debts. The creditor's remedy to so subject them exists by statute only; and by the constitution, supplemented by the statute, the remedy is withheld from that portion of the lands which within the legally prescribed area and the value of $2,000, constitute the debtor's homestead. The exemption extends to the debtor's entire interest in the land and does not operate a mere postponement of any acquired or prospective lien or right of the creditor, but it prevents his acquisition of such rights. The sale by the debtor of his entire estate in the homestead, though that interest extend to the fee is not prejudicial to the creditor, for the reason that the creditor has no interest in such property, and the sale withdraws nothing which had been within his reach. Upon this ground numerous decisions of this court have settled the doctrine that where the conveyance is of the homestead alone, no fraud as to creditors can be predicated upon it.—*Kennedy v. Bank*, 107 Ala. 170; *Fuller v. Whitlock*, 99 Ala. 411; *Pollak v. McNeil*, 100 Ala. 203, and cases there cited.

The waiver of exemptions embodied in defendant's judgment did not extend to real estate, consequently no lien was acquired under that judgment; neither do the facts exist from which the defendant can acquire a lien by attacking the conveyance for fraud.

Defendant can have no interest in the property by subrogation to the rights of Lewis under his mortgage even to the extent he was paid from the general property assigned. The law exempting the homestead from debt is to be liberally construed. It is not its policy

[McFarland v. Dawson.]

to apply the doctrine of marshalling assets, or the fiction of subrogation, in order that the property may be subjected to incumbrances not created by the debtor himself.—*Ray v. Adams*, 45 Ala. 168; *Mitchelson v. Smith*, 28 Neb. 583; 26 Am. St. Rep. 357; *Armitage v. Toll*, 64 Mich. 412; 15 Am. & Eng. Ency. Law, 691. If Lewis' debt had been unsecured he would still have been entitled to share in the general assets, and since the mortgage covered nothing which the complainant could have taken if there had been no mortgage, the equitable consideration upon which the doctrine of marshalling assets is based does not exist.

Let the decree be affirmed.