## HAMES et al. v. IRWIN et al.
### (8 Div. 813.)

(Supreme Court of Alabama. April 15, 1926.)

**1. Homestead ☞150(1)—Equity court may entertain bill to declare estate insolvent so as to vest homestead absolutely in decedent's widow and minor children (Code 1923, §§ 6478, 7918).**

In view of Code 1923, § 6478, equity court may entertain bill to declare estate insolvent so as to vest homestead in decedent's surviving widow and minor children absolutely under section 7918.

**2. Homestead ☞150(1)—In absence of recital in mortgage or evidence that creditor of estate accepted it in full satisfaction of claim, refusal to decree insolvency of estate and assign homestead in absolute fee to widow and minor children of decedent was error (Code 1923, §§ 5994, 7918).**

In absence of recital in mortgage of decedent's widow and adult heirs, or evidence that only creditor of estate accepted it in full satisfaction of claim, court erred in refusing decree of insolvency within Code 1923, § 5994, and assignment of homestead in absolute fee to widow and minor children under section 7918.

**3. Executors and administrators ☞275—Extinguishment of estate's debt arises from agreement, not nature of security given, but there is no implication that it shall operate as absolute payment.**

Extinguishment of estate's debt arises from agreement of parties, not from nature or character of security given in consideration thereof, but there is no implication that it shall operate as payment; presumption being that security is taken as conditional, not as absolute payment of debt. ·

**4. Appeal and error ☞673(2)—In absence of evidence in transcript that decedent's widow and adult children, executing mortgage to creditor of estate, appealed from decree denying assignment of homestead in fee to widow and minor children, and citation of appeal to creditor, who filed no brief and made no appearance on appeal, mortgage will not be declared null (Code 1923, §§ 6091, 7918).**

In absence of evidence in transcript that decedent's widow and adult children, jointly executing mortgage to only creditor of estate, appealed from decree denying declaration of insolvency and assignment of ·homestead in absolute fee to widow and minor children under Code 1923, § 7918, and citation of appeal to such creditor, who was defendant in original and cross bills, and filed no brief, and made no appearance on appeal, mortgage will not be declared null, notwithstanding section 6091.

**5. Homestead ☞150(2)—Assignment of homestead in fee, where estate is insolvent, operates as assignment to widow as well as minor children, and mortgage of her interest is ineffectual until maturity of youngest child (Code 1923, § 7918).**

Assignment of homestead in fee under Code 1923, § 7918, where estate is insolvent, operates as assignment to widow, as well as minor children, and mortgage of her interest therein cannot be made effectual until youngest child arrives at full age.

Appeal from Circuit Court, Lawrence County; J. E. Horton, Judge.

Bill in equity by Nina Lois Hames and others against D. W. Irwin and others, with cross-bill by latter. From a decree for respondents, complainants appeal. Reversed and remanded.

E. W. Godbey, of Decatur, for appellants.

The court of equity has jurisdiction to declare an estate insolvent. Evans v. Evans, 104 So. 515, 213 Ala. 265; Medley v. Shipes, 58 So. 304, 177 Ala. 94; Miles v. Lee, 61 So. 915, 180 Ala. 439. The mortgage did not pay Irwin's debt, there being no agreement that it should. McWilliams v. Phillips, 71 Ala. 82; Tuscaloosa Co. v. Tropical, etc., Co., 100 So. 236, 211 Ala. 258; Western Ry. v. Foshee, 62 So. 500, 183 Ala. 182. There was no consideration for the mortgage. Watson v. Reynolds, 54 Ala. 191. Contrivance to defeat adjudicated insolvency is a fraud on the law. Munchus v. Harris, 69 Ala. 506. The fact of insolvency is determined as of the date of death, uninfluenced by failure to file claims, etc. McCuan v. Turrentine, 48 Ala. 68.

Wert & Hutson, of Decatur, for appellees.

The mortgage, being without consideration, is void. Hester v. Wesson, 6 Ala. 415; Beall & Co. v. Ridgeway, 18 Ala. 117; Watson v. Reynolds, 54 Ala. 191; Richardson v. Fields, 26 So. 981, 124 Ala. 537.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

. SAYRE, J. In its final shape the bill in this cause, filed by Nina Lois Hames and George Irwin Hames, minor children and heirs at law of L. R. Hames, deceased, by their next friend, sought a declaration of insolvency of the estate of deceased; that a homestead be set apart to them as absolutely exempt; and that the remainder of the real estate left by deceased be sold for division among complainants and five other children, adults. The widow and the other children of deceased were made parties defendant, as was D. W. Irwin, alleged to be the only creditor, and it was averred that, after the death of L. R. Hames, his widow, Ida A. Hames, and two of the adult children joined in executing a mortgage of the lands owned by deceased, 160 acres, by which they undertook to secure to Irwin the payment of his debt. This mortgage had been foreclosed, and Irwin had become the purchaser at the foreclosure sale, as authorized by the terms of the instrument. By cross-bill the widow and the two children who had joined in the mortgage ·challenged the validity of the mortgage as being without consideration, but the decree adjudicated its validity; that it had been taken in full satisfaction of Irwin's claim against the estate; and other matters that, for a reason to be stated later on, cannot be considered on this appeal. This appeal is prosecuted by the infant complainants, who contend that the decree in the court below was error, in that it awarded to them, a homestead during minority only, and not in absolute fee. The court was of opinion that there should be no decree of insolvency in this proceeding, though such decree might have been proper had the estate been administered and the claim of Irwin filed in regular course. In support of this opinion the court refers to the fact that the creditor, Irwin, took his mortgage in satisfaction of his claim against the estate of decedent, and had relinquished all other or further claim against that estate, and upon this fact, as we view the record, was based the court's rejection of complainants' prayer for a decree of insolvency and an assignment of homestead in absolute fee.

The statutory provision is that "Such homestead"—that is, the homestead of a resident of this state, leaving surviving him a widow and minor child or children—"may be retained by the widow or minor child or children, until it is ascertained whether the estate is solvent or insolvent; and, if the estate is insolvent, it shall vest in them absolutely." Code 1923, § 7918.

[1] As for the jurisdiction of the circuit court sitting in equity to render a decree of insolvency, with its appropriate effect upon the character of the homestead title to be vested in the widow and minor children, time was when there was thought to be eminent fitness in having the settlement of an insolvent estate finished. in the probate court, unless there was involved some question of exclusive equitable cognizance, and that, when the probate court acquired jurisdiction by an adjudication of insolvency, all interference by the chancery court was precluded, unless a special equity was shown. Shackelford v. Bankhead, 72 Ala. 476. But now the administration of any estate may be removed from the probate to the circuit court, sitting in equity, at any time before final settlement, on the declaration by heir, devisee, legatee, distributee, or administrator that in his opinion the estate can be there better administered, without .more. Code, § 6478. It would seem to follow that any such party in interest may in the beginning file his bill for an administration in the circuit court, and that is the effect of what was done in this case, no step for an administration having been taken in the probate court, and there is no reason to doubt that the equity court has jurisdiction to declare an estate insolvent and to entertain a bill for that purpose. Evans v. Evans, 104 So. 515, 213 Ala. 265.

But in O'Daniel v. Gaynor, 43 So. 205, 150 Ala. 205, it was said, to paraphrase the fourth headnote, that a judicial ascertainment of the insolvency of an estate, and not the fact of insolvency at any particular time, was the condition precedent to the enlargement of a life estate in the homestead into a fee in the widow and minor children, or either; and in that case, referring now to the question of fact there in litigation, it was held that such an ascertainment could not operate nunc pro tunc after the statute of limitations had run against the claim which created the insolvency, and this, as we infer, was the point upon which the decree as to the character of the estate assigned to complainants as a homestead was made to turn. McCuan v. Turrentine, 48 Ala. 68, is cited in appellants' brief as holding to the contrary, but we do not so find. In that case the distributable assets of the estate had been increased by the failure of creditors to file their claims against the estate after a decree of insolvency, thus presenting a question quite different from that raised by the record in this case.

[2, 3] However, we do not find that the record sustains the chancellor's conclusion that the only creditor of the estate accepted the mortgage of the widow and two of the adult heirs in full satisfaction of his claim against the estate. The mortgage shows no recital of such fact. If there was a release, it was not shown; nor was there evidence of an agreement to that effect. The record shows only that the creditor took the mortgage as security for his debt.

"The extinguishment arises from the agreement of the parties, not from the nature or character of the security, that may form the consideration of the agreement, but there is no implication of law that it shall operate as a payment—no implication that one cause of ac-

tion is substituted for another. The presumption of law is that all such securities are taken as conditional, not as absolute payment of a pre-existing debt." McWilliams v. Phillips, 71 Ala. 82.

Perhaps, also, there was a lack of consideration for the mortgage and the notes it purported to secure, representing the indebtedness of the estate of deceased to the promisee. Watson v. Reynolds, 54 Ala. 191. But a definite conclusion as to that may be deferred. Appellants also cite Munchus v. Harris, 69 Ala. 506, to the effect that a contrivance to defeat an adjudication of insolvency would be a fraud upon the law; but as to that it is enough to say that there is neither allegation nor proof of any contrivance with that end in view. Our conclusion of error in the decree is sufficiently sustained by the fact that the mortgage does not appear to have been accepted in full payment and discharge of the debt due by deceased to the only creditor of his estate, and that the estate was insolvent within the meaning of the statute. Section 5994 of the Code. The decree should have so declared, and complainants should have been assigned homestead in absolute fee.

[4] In a brief filed for original defendants, cross-complainants, the widow and two adult children who joined in the execution of the mortgage, it is urged that the mortgage be declared a nullity, but we find in the transcript of the record no evidence that these parties have taken an appeal, and, of course, no citation of appeal to the defendant in both original and cross bills, D. W. Irwin, for whom there has been neither brief nor appearance on this appeal. Said Irwin is not in court on this appeal, and we are unable, therefore, to decide the question, stated in the brief for cross-appellants, as between them and him. We may say in this connection that we have not overlooked section 6091 of the Code of 1923.

[5] So much of the decree as rejected appellants' (original complainants') prayer for the assignment to them of a homestead in absolute fee is reversed. The assignment of the homestead in fee will operate as an assignment to the widow as well as her minor children. Her mortgage of her interest in the homestead can be made effectual, if at all, after the youngest child shall have arrived at full age.

So much of the decree as is brought into review by this appeal is reversed and the cause remanded for further proceedings. The trial court will be at liberty to reopen the entire case, if it shall be of opinion that thereby the ends of justice will be served.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.