146 So. 614

### TICER v. HOLESAPPLE.

### 8 Div. 448.

Supreme Court of Alabama.

March 9, 1933.

R. M. Sims and Merwin T. Koonce, both of Florence, for appellant.

Simpson & Simpson, of Florence, for appellee.

BOULDIN, Justice.

The bill was filed by Roxie Ticer, as widow of John A. Ticer, deceased, against the heirs at law of decedent and the administrator of his estate, praying:

(1) A removal of the administration into the equity court; (2) to have the equity of redemption in the lands of decedent sold, and proceeds decreed to complainant in lieu of a homestead, and reinvested for her benefit; (3) to declare the estate insolvent, and vest title to such homestead in her absolutely.

The appeal is from a decree sustaining a demurrer to the bill, with leave to amend; otherwise, the bill to stand dismissed.

■ The sufficiency of the bill for the removal of the administration into the court of equity is not challenged, and an order of removal was duly entered.

Demurrers to the bill as a whole were improperly sustained for this reason.

The primary purpose of the bill is to effec-tuate the widow's homestead rights under Code, § 7919.

The bill discloses that the decedent owned, at the time of his death, two tracts of land. One, the tract occupied as a homestead, contained 428 acres, and was of the aggregate value of $1,600. The other, shown by the record to contain 145 acres, was of the value of $700. These are the values alleged to have been fixed by the appraisers appointed in the probate court, and stated in the bill as the true values.

The bill then alleges that at the time of decedent's death, February, 1932, the whole of said real estate was and still is encumbered by a mortgage to the Federal Land Bank of New Orleans, the amount of such mortgage indebtedness being approximately $1,700.

The bill prays for a sale of the equity of redemption in the entire property, a sale subject to the Federal Land Bank mortgage, and that the proceeds, not exceeding $2,000, be set apart as the widow's homestead exemption and reinvested.

The theory of appellee seems to be that the bill discloses decedent owned and occupied a homestead, that nothing prevents the laying off of 160 acres of that tract as the widow's homestead, and this is the measure of her homestead right.

■■ It is well settled that, ordinarily, the homestead of the decedent becomes the homestead to which his widow is entitled. In no case can it exceed 160 acres in area, nor $2,-000 in value. The value, however, is determined by the interest of decedent in the same at the time of his death. If encumbered, the amount of such incumbrance is to be deducted in appraising the value of the homestead.

Under the averments of the present bill, the incumbrance exceeds the value of any 160 acres to be laid off from the homestead tract, in fact exceeds the value of the entire 428-acre tract.

This situation was considered in Steiner Bros. v. McDaniel, 110 Ala. 409, 20 So. 54. It was then held that, if the homestead was encumbered to its full value, so that no real and substantial provision is made for the widow by setting it apart as a homestead, the beneficent purpose of our homestead statute demands that a homestead be awarded in other lands of decedent.

This decision construed section 2544, Code of 1886. This statute has, in subsequent Codes, been extended and enlarged in keeping with the principles of that decision, and now appears as Code, § 7919, concluding: "And in no case, and under no circumstances, shall the widow and the minor children, or either of them, be deprived of homestead or two thousand dollars in lieu thereof, if they or either of them apply therefor in manner as herein provided before final distribution of

the decedent's estate." Section 7919, Code 1928.

Under the averments of this bill, a homestead of 160 acres laid off from the homestead tract would have no value in excess of the incumbrance, unless the burden of the incumbrance be first imposed upon the other lands covered by the mortgage. We need not consider what equitable rights, if any, the widow might have against the mortgagee in this regard. The heirs and creditors of the estate could not profit by any such indirect procedure. Under the facts alleged, the widow has a homestead right, not exceeding $2,000 in value, in whatever equity there may be in this real estate as a whole; and the direct adequate relief is that prayed in the bill. Steiner Bros. v. McDaniel, supra; Hollis v. Watkins, 189 Ala. 292, 66 So. 29; Jackson v. Rowell, 87 Ala. 685, 6 So. 95, 4 L. R. A. 637; Casey v. Sacks, 223 Ala. 147, 134 So. 851; 29 C. J. p. 1022, §§ 516, 516½, p. 1023, § 516⅓.

The court of equity has full power to ascertain and decree the insolvency of the estate, and so vest the widow with a fee-simple title in the homestead exemption. In this case such power can be referred to the jurisdiction over the administration of the estate, to the general equity jurisdiction to grant full and complete relief, or to the specific jurisdiction to make such adjudication at the instance of the homestead claimant. Hames v. Irwin, 214 Ala. 422, 108 So. 253; Evans v. Evans, 213 Ala. 265, 104 So. 515; O'Daniel v. Gaynor, 150 Ala. 205, 43 So. 205.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.