**HOWELL v. WARD et al.**

4 Div. 801.

Supreme Court of Alabama.

May 9, 1935.

Chauncey Sparks, of Eufaula, for appellant.

O. S. Lewis, of Dothan, for appellees.

THOMAS, Justice.

The appeal is from a decree sustaining demurrers to the bill, and for the dissolution of an injunction.

Appellant, Maud Howell, is the executrix of the will of George M. Howell, the deceased husband, and a distributee and devisee thereunder with the respondents. After her qualification as executrix, she filed a bill in her representative capacity and as an individual for several purposes, namely, for the removal of the estate into equity for a settlement of the guardianship of her deceased testator with his ward, Myrtle Brock, one of the respondents (section 8207, Code), and to correct a description and declare a mortgage indebtedness to that ward. This settlement pending in equity is contested by that minor and ward (Myrtle Brock, who was not a surviving minor child of decedent) only, through her general guardian and a respondent, Alice Ward, and by her guardian ad litem. The other respondents permitted decrees pro confesso to be entered against them.

It is averred that the executrix, having given due notice of her acceptance of appointment and qualification as executrix of the will of Mr. Howell, and after six months had expired, filed the bill stating the interests and rights of all parties that represented the whole title to the properties of the estate. This is to say, this pleading (1) sought the removal of the administration of the estate from the probate court into the circuit court, in equity; (2) sought a correction of the description of the real property (the subject of the mortgage and partly embraced in the homestead decree); (3) sought the protection of complainant's homestead rights, by

due order of sale of these and other lands of the estate (which largely exceeded the homestead allowance), and asked the payment to complainant of $2,000 in lieu of her homestead rights and its due investment for herself and the remaindermen, supervised by the court; (4) alleged that the sale was necessary for the payment of debts of the estate according to priority or preference under the mortgage contract, and under the law; (5) alleged that a sale of the lands was necessary to effect a distribution among the several beneficiaries as provided by the will and in due course of administration; and (6) prayed for other and general relief.

The will of decedent and the mortgage in question were exhibited in illustration and aid of the bill and its averred facts (Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90), and also the corrected descriptions as per the Espy maps of the several tracts of decedent's lands.

It is alleged that the widow, as an adult devisee under the will, joined as a complainant in her individual right for the purpose of giving her consent to the sale of all the lands of decedent for the purposes named in the bill; and claimed the right of redemption, if necessary and she so desires, to preserve her right of homestead. Dewberry et al. v. Bank of Standing Rock et al., 227 Ala. 484, 150 So. 463.

It is further alleged that on March 14, 1934, the homestead set apart to her by commissioners appointed by the probate court was approved by the court; that said homestead so set aside is a part of the lands sought to be conveyed by the mortgage (and alleged to have been incorrectly described); that the sum intended to be secured by the mortgage is averred to be "owing by the decedent to his minor ward, the said Myrtle Brock"; that the total amount of land embraced in the mortgage, namely, 640 acres, is worth much more than the amount of the indebtedness owing by the decedent to his ward; that out of the total purchase price of said land there should be, or perhaps will be, sufficient to set aside to complainant the homestead in kind, or, in lieu thereof, the sum of $2,000 out of the sale price of lands conveyed by said mortgage; that "complainant claims her homestead under the laws of Alabama as the surviving widow of decedent, G. M. Howell, and as hereinafter prayed claims a homestead in kind and in the 160 acres of land heretofore set aside and allotted to her by the probate court of Barbour county; or in lieu of said homestead in kind claims the

sum of $2,000 out of the purchase price of said land which embraced the homestead of decedent, if sold in lump, over and above the amount necessary to pay the indebtedness owing under the mortgage above described in paragraph sixth. And the complainant respectfully shows unto your honor that the equity of redemption of the decedent in the lands embraced in said mortgage executed by him to himself, guardian of Myrtle Brock, is worth more than the indebtedness owing, namely, the sum of $1,493.77, by decedent to the estate of said minor."

The bill further avers the necessity for a sale of all of the real estate of the estate for the purpose of allowing complainant's homestead; paying of secured and unsecured debts; paying the costs of due administration; and for division and partition among the joint owners of said lands according to the terms of the will.

The prayer of the bill is for the removal of the administration of the estate to the circuit court, in equity; for a correct description of the property, if incorrect, and, if not, that a correct description be declared and determined; that a due order of sale of the lands be made in lots or parcels, to induce advantageous purchase prices; that the balance due on the mortgage be ascertained and the debt of guardianship be paid out of the proceeds of the sale of the lands subject thereto; that complainant be permitted to claim her exemption free from the claims of the minor (grandchild) and from any claim for debts or distribution to the devisees. It is further a part of the prayer that the "court will order a sale of the land embraced in the mortgage executed by decedent to secure indebtedness owing by him to his minor ward, as a whole, or in parcels, as follows: (a) Will order a sale of that portion of said land embraced in said mortgage not constituting the homestead of the decedent at the time of his death, and which homestead has heretofore been set aside by the probate court by metes, boundaries and description, and constituting not more than 160 acres, and in value not more than $2,000, to your honor's oratrix, and if the proceeds of said land, which amounts to 480 acres, be not sufficient to pay the indebtedness owing to said minor ward of decedent; then (b) this honorable court will declare the balance owing under said mortgage and will give complainant the right to pay said amount, if she so desires, and claim the said 160 acres as her exemption, free from any further, other, or additional claims to the said minor ward, and from any claim for debts, or distribution to the devi-

sees; or (c) this honorable court will order a sale of said homestead apart from, or in connection with, and in lump, or in separate parcels, the other land embraced in the mortgage in this bill of complaint described as owing by decedent to his ward, Myrtle Brock, and after paying the amount owing on said mortgage, will order the remainder of the purchase price, but not to exceed the sum of $2,000, set aside to complainant as and for and in lieu of her homestead exemptions allowed to her under the laws of Alabama, and will enter such other orders as may be necessary, protecting said homestead or $2,000 in lieu thereof, and ordering its investment in such way as the court may finally determine, for the benefit of complainant; or (d) this honorable court will order a sale of the whole of the lands owned by the decedent at the time of his death, and shall apportion the proceeds, first, to the payment of the mortgage owing on that portion of said lands embraced within the mortgage described in paragraph Sixth hereof, second, to the allotment of the sum of $2,000 in lieu of homestead exemptions to your honor's oratrix, to be invested in such way as this honorable court may determine for the protection of the interest of reversioners, third, for the payment of debts owing by the estate of decedent, other than that owing the estate of the minor ward, Myrtle Brock, and the costs and expenses of the administration of the estate of said decedent, and, fourth, distribution of the remainder of the proceeds of the purchase of said lands among the joint owners thereof, who are the devisees under the will of G. M. Howell"; that the court will confirm the allotment of the homestead made to her as the surviving widow of decedent, subject to the payment of the indebtedness ascertained to be due by decedent to his minor ward; and the court is duly invoked to make the necessary final orders for securing to the widow the homestead "in kind, or in cash," as may be determined by the court in its decree; and, as we have indicated, concludes with a prayer for "such other, further, different and additional relief as she may be entitled to in the premises, and in equity."

It was thereafter shown to the court by complainant's petition for injunction (for the purpose of preserving the status quo of the parties in the subject-matter of the estate pending the determination of the cause), setting up the facts averred in the bill, and alleging that notwithstanding the pendency and undetermined respective rights of the parties in the subject-matter; or a material part thereof, as shown by the bill, that the guard-

ian of Myrtle Brock, the minor, did advertise for sale the land under the power of sale contained in the mortgage, on November 26, 1934, a part of which was the homestead of decedent; and the petition prayed for a preliminary injunctive or restraining order prohibiting the sale of the land or change of land, and maintaining the status quo of the property as affecting the respective rights of the parties until final decree in the cause. This was the approved procedure for a temporary order, which was duly issued in the circuit court. Rice et al. v. Davidson, 206 Ala. 226, 89 So. 600.

■ It is settled by this court that in a bill filed for partition or distribution of the estate of a decedent, homestead and dower rights may be duly determined and declared in due course of an administration in equity, as an incident of equity jurisdiction. Leddon et al. v. Strickland et al., 218 Ala. 436, 118 So. 651; Whitehead et al. v. Boutwell, 218 Ala. 109, 117 So. 623; Williams et al. v. Anthony et al., 219 Ala. 98, 121 So. 89.

It is necessary that we be acquainted with the character and legal effect of the exhibits to the bill. The maps or plats exhibited show a correct description of the lands; the will of decedent indicates that testator gave all of his real property to his wife (complainant) and his named children and grandchildren (respondents), and directed that "all of said real estate * * * be divided equally between them, share and share alike;" bequeathed all growing crops and all personal estate of whatsoever nature and wheresoever situated to his wife, Maud Howell; the complainant; appointed his wife executrix "without bond." The bill makes all the devisees and legatees of full age parties respondent, and also Myrtle Brock, a minor, fourteen years of age, and her legal guardian. The latter is represented in this proceeding by her general guardian and the guardian ad litem duly appointed and qualified. Section 8256, Code; Bank of Luverne v. Turk et al., 222 Ala. 549, 133 So. 52.

■ The widow was not required to dissent from the will before being entitled to the homestead and exemptions provided by statute (Hubbard v. Russell, 73 Ala. 578; Crownover et al. v. Crownover, 216 Ala. 286, 287, 113 So. 42; Gray v. Weatherford, 227 Ala. 324, 149 So. 819); this being required only if she claims dower and distribution under the statute. (Fitzgerald v. Rogers, 223 Ala. 576, 137 So. 661).

The mortgage in question, exhibited and containing an alleged incorrect description of the lands, was executed pursuant to a petition and order of the circuit court, where the guardianship of decedent—as guardian of Myrtle Brock, a minor—was being administered. The petition to that court and in said cause was for permission to invest the ward's funds, and that her guardian, George M. Howell, be permitted to borrow the sum of $1,500 on security to be approved by the court out of the guardianship funds on hand, to secure a solvent loan for said sum. It is further recited in the petition that "said sum of money, the ward's estate, will be loaned to George M. Howell and as security for said loan, the said George M. Howell agrees to give a first mortgage on the following described real estate" (describing the property to be embraced in the mortgage); that "the Guardian George M. Howell shows to this honorable court that the above security is a solvent, safe and secure investment for said loan of ward's estate, and asks the court to approve said loan, and direct that George M. Howell, guardian, above named, consummate said loan and take as security the property above described, which said property is free from any and all incumbrances."

The decree of the circuit court (wherein the guardianship was being administered as a pending cause) recited the pendency of the petition, the relation of the parties, the trust relation as to these properties and moneys to be invested (King, Admr'x, v. Porter, Adm'r [Ala. Sup.] 160 So. 101), and "ordered, adjudged and decreed that the petitioner, Geo. M. Howell, is hereby allowed and directed to lend to himself, having executed proper conveyance and notes which are submitted herewith, the sum of $1,500, funds now in his hands belonging to his said ward, and that the conveyance to said lands having been examined and approved by the Court, and recorded in the probate office of this county, petitioner, as guardian, further asks that there be a reduction of his bond, in view of the fact that, as shown by his last annual settlement, the funds in his hands belonging to his said ward are not more in amount than $2,000, and it is therefore ordered, adjudged and decreed that the amount of the bond of petitioner as guardian for Myrtle H. Brock be and the same is hereby reduced to the sum of $4,500."

The petition for the loan was of date of May 28, 1932, and the decree was entered on the 16th of August thereafter. The mortgagor thereafter died testate; his will was duly probated; complainant duly nominated and qualified as executrix on January 15, 1934, and filed her bill in this cause on the 4th of

August, 1934. Her exemptions were set apart by a decree of the probate court on March 14, 1934.

The mortgage exhibited (executed by husband and wife) recited, among other things, that George M. Howell was indebted to "George M. Howell, Guardian for Myrtle H. Brock, a minor, in the sum of One Thousand, Five Hundred and no/100 Dollars"; that "George M. Howell and Maud Howell, his wife, do hereby grant, bargain, sell and convey unto the said George M. Howell, Guardian for Myrtle H. Brock, a minor, the following described real estate, situate, lying and being in Barbour County, Alabama" (describing the property), "to have and to hold said above described real estate unto the said George M. Howell, Guardian for Myrtle H. Brock, a minor, and unto his successors and assigns, forever; upon condition however, that if the said George M. Howell pay said amounts due on said notes on or before the dates of their maturity respectively, then this instrument shall be null and void. If I fail to pay said notes or any one of them, or any part of any one of them on or before the dates of their maturity respectively, then the said George M. Howell, Guardian for Myrtle H. Brock, a minor, his agent or attorney, shall have the right to take possession of said real estate."

The rights of a surviving widow (and/or minor child or children) to homestead and other exemptions, freed of payment of debts and administration, are well understood and need not be recited. Williams v. Overcast et al., 229 Ala. 119, 155 So. 543, and authorities collected; Gray v. Weatherford, 227 Ala. 324, 149 So. 819. This bill is so framed as to afford due protection of the statutory rights provided for the widow and minors respectively, or, as the case may be, for the remaindermen under Mr. Howell's will.

■ The nature and character of lands subject to the claim of homestead are defined by statute and the decisions, and embrace lands subject to the equity of redemption. Dewberry et al. v. Bank of Standing Rock et al., 227 Ala. 484, 150 So. 463; Weber v. Short et al., 55 Ala. 311, 321.

The cause was submitted for final decree on demurrer and on motion to discharge and dissolve the temporary injunction. The final decree sustained the demurrer (De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265) and dissolved the injunction. Grounds of demurrer, among others, were that the bill was without equity; that the lands of decedent could not be sold except subject to the mortgage; that the circuit court was "without the jurisdiction to change the decree of the probate court setting aside homestead exemptions to the said Maud Howell, as the widow of G. M. Howell"; that the circuit court was "without the jurisdiction to enlarge the homestead exemptions set apart as therein alleged"; that "the widow took the homestead exemption, subject to the mortgage."

■ The sufficiency of the bill for removal of the administration into the court of equity is and was not challenged; the order of removal was duly made and the matter proceeded in equity. Therefore, demurrers to the bill as a whole—as seeking the removal of the administration of the estate into a court of equity not being challenged—were improperly sustained. Ticer v. Holesapple, 226 Ala. 271, 146 So. 614.

■■ If the mortgage to secure the moneys of the ward was as required by statute and the court's order, valid, it was superior to the homestead rights of the widow, by reason of the fact that the wife joined in the mortgage and waived (as to this cestui que trustent) her homestead rights. Dewberry et al. v. Bank of Standing Rock et al., 227 Ala. 484, 150 So. 463. The fact that the probate court had set aside, as the homestead, a part of the mortgaged lands, did not affect the mortgage, if it was effective in equity, and correctly described the property.

In the instant proceeding, the several ends which the widow is trying to accomplish by her bill are: To have the property correctly described; to have declared and safeguarded all superior rights and equities; to claim her homestead in the land subject to mortgage and subject the homestead right to the equity of redemption before foreclosure; and to effectuate a sale of all the land in parcels, or as a whole, so as to obtain the best purchase price for the benefit of the parties in interest.

It is alleged that the lands were misdescribed, as shown by the correct surveys and plats exhibited; that the widow, individually and as executrix, joins as complainant, to perfect the several descriptions, to safeguard equities according to priority, to claim homestead in the lands where decedent resided at the date of his death, or have the right of homestead in the proceeds of the sale thereof after subordination to the debt evidenced by the mortgage; or to redeem from the mortgage, if necessary to preserve her homestead rights and those of the remaindermen; to secure an advantageous sale

of the lands in such wise as the court orders for such purposes, to the best interest of those interested therein and in the due distribution of the proceeds of the sale, and to facilitate the settlement of the guardianship. King v. Porter (Ala. Sup.) 160 So. 101.

The bill appears to have been drawn and filed under the influence of the decisions of Booker v. Booker, 220 Ala. 367, 125 So. 212; Id., 225 Ala. 626, 144 So. 870; Bank of Luverne v. Turk et al., 222 Ala. 549, 133 So. 52; Casey et al. v. Sacks et al., 223 Ala. 147, 134 So. 851; 44 A. L. R. 763–766, note; 77 A. L. R. 373, note; and is within the influence of Ticer v. Holesapple, 226 Ala. 271, 146 So. 614.

■ The beneficent purposes of the homestead and exemption statutes are indicated in several enactments and decisions; and are especially illustrated by section 7919 of the Code 1923 and 1928 and its concluding provision, to wit: "And in no case, and under no circumstances, shall the widow and the minor children, or either of them, be deprived of homestead or two thousand dollars in lieu thereof, if they or either of them apply therefor in manner as herein provided before final distribution of the decedent's estate." They are further and likewise shown by the clause in section 7942 of the Code, which reads: " * * * and, in the event of a sale of such homestead in the course of administration, it shall be sold separately from the other lands of the decedent, if there be other." The manifest purpose of these statutes is to provide a means of severance of the homestead, where necessary, from interests subject to a due administration and the payment of debts, and to save inviolate the homestead right, which the law gives to the widow (or children), without regard as to whether or not the widow is provided for, or dissents from the husband's will.

In Boyte v. Perkins, 211 Ala. 130, 133, 99 So. 652, 654, it is declared:

"As long, however, as there are outstanding debts to be paid, and no personal property to pay them, it is his [the administrator's] duty to intercept the rents and sell the lands, if need be, to pay creditors. He cannot be controlled by the heirs, nor take orders from them. The duty and responsibility is upon the administrator.

"We cannot adopt a construction of section 4219 [section 7942, Code 1923] which would relieve the administrator of that duty because the real assets are bound up in the same indivisible piece of real estate with the widow's dower and homestead. Indeed, the manifest purpose of section 4219 [section 7942, Code 1923], and sections following, is to provide a means of severance of the homestead from the interest subject to administration and the payment of debts, and to save inviolate the homestead right which the law has given the widow. Nor can we hold that the right of possession is enlarged by these statutes, by the mere incident of the widow having become the administratrix."

■ We digress to observe that a mortgagee has the right to sue on the note evidencing the debt for which the mortgage was given, to foreclose, and if there is a deficiency, to sue therefor. Faulkenberry, Ex'x, v. Ray (Ala. Sup.) 161 So. 486; Continental Casualty Co. v. Brawner, 227 Ala. 98, 148 So. 809; Hodge et al. v. Joy et al., 207 Ala. 198, 92 So. 171; Morris et al. v. Fidelity Mortgage Bond Company, 187 Ala. 262, 65 So. 810; Harris v. Miller, 71 Ala. 26. However, the debt here was not that of the wife, but that of the husband alone. She sought by her bill to recognize its validity, establish the amount, and secure its payment with the lands sought to be conveyed as security therefor, after correcting the descriptions and ascertaining the amount due on settlement of the guardianship; and to sell the lands for this and further purposes of homestead and distribution.

The bill showed no personal estate subject to payment of debts or for distribution, and that resort to a sale of all the lands for the purposes of administration, partition, and distribution was necessary.

■ The controversy is reduced to the one insistence of the guardian of the minor grandchild—that her interest in the land will be diminished if the real property is sold and homestead allowance is made to the widow after the mortgage is paid. The bill does not seek to change the decree which settled the fact of complainant's right to homestead in the lands on which the husband resided at the time of his death—a tract of 640 acres sought to be embraced in and described by the mortgage to respondent's guardian. As it is now viewed, under the influence of recent decisions, the setting apart of the homestead by the commissioners and confirmation thereof did not affect the power of a court of equity, in a due administration of the estate and under the widow's concessions or admissions in her pleadings, to sell all the lands of the estate, which embraced the homestead, in parcels or as a whole, to protect the homestead to the extent of the provisions of the statute for and without diminution.

In Baxter v. Ft. Payne Co., 182 Ala. 249, 62 So. 42, the question of descriptio personæ was discussed, and the holding was [headnote 3]: "Where land was conveyed to D., trustee, with nothing to show that there was a trust in fact, or for whom or for what the grantee was trustee, and such person executed a mortgage to his vendor to secure the unpaid purchase price, his vendor was not bound to inquire concerning the trust, but was entitled to treat the word 'trustee' as merely descriptio personæ." 2 Jones on Mortgages, § 1397; 2 Dev. Deeds (2d Ed.) § 738a.

We hold that the nature of the mortgage as a conveyance of legal title was not sufficient to defeat this effort of the widow as to the homestead; that it created a trust or equitable mortgage for the minor in the lands by and in the general tenor of the instrument. by "George M. Howell, Guardian for Myrtle H. Brock, a minor," "conveying unto the said George M. Howell, Guardian for Myrtle H. Brock, a minor," and "to have and to hold said above described real estate unto the said George M. Howell, Guardian for Myrtle H. Brock, a minor." Such was the intention of the parties and the effect of the orders of the court giving assent to the loan and approval of the title. That is to say, the mortgage was not couched in the language of the statute, but was contrary thereto in naming the mortgagor as mortgagee when the name of the cestui que trustent was required. Section 8169, Code. In Ward v. Jossen et al., 218 Ala. 530, 532, 119 So. 220, 222, it was observed that: "By our statute a guardian, acting in good faith and with that prudence required of trustees, may invest the ward's funds in the purchase of lands. Code, § 8168. Title must be conveyed to the ward. Section 8169. The guardian is liable to the ward for any loss by reason of failure or defect of title. Section 8170, Code."

However, it is the purpose of this bill to effectuate the right intention of the parties under the requirements of the law where the funds of the ward are invested in real property; and by the several averments of fact, the purpose of the pleading was to preserve all prior equities of the parties. That is to say, that legal effect be given the mortgage by the declaration in the decree that it was a trust in or equitable mortgage on the lands purchased by the ward's moneys. Bank of Luverne v. Turk et al., 222 Ala. 549, 133 So. 52. The conveyance being irregular or ineffective at law, when tested by the statute, the wife's joining therein was not such a waiver of her homestead rights as would prevent her (as the widow of decedent), in a court of equity, from marshaling the security for the rights and benefit of defendant minor, and at the same time preserve her homestead unimpaired and secured to her by statute, and to so safeguard the fund for remaindermen after expiration of her life estate. In Bank of Luverne v. Turk, et al., supra, there are declarations to this end, concluding that: "A creditor with a lien on property other than the homestead cannot indirectly subject the homestead to his judgment by marshaling of securities, subrogation, redemption, or other method. Equity will never so construe one of its remedies as to conflict with the public policy of the state as expressed in its statutes and Constitution. This in no sense lessens the security of the mortgage to satisfy the debt secured by it. That debt must be satisfied before the homestead rights shall operate." 222 Ala. 549, 553, 133 So. 52, 56.

And in Ticer v. Holcsapple, 226 Ala. 271, 273, 146 So. 614, 615, a suit by the widow against the heirs at law, the superior rights of the widow—not affecting the mortgagee—to have the homestead cleared of the mortgage, the court said: "Under the averments of this bill, a homestead of 160 acres laid off from the homestead tract would have no value in excess of the incumbrance, unless the burden of the incumbrance be first imposed upon the other lands covered by the mortgage. We need not consider what equitable rights, if any, the widow might have against the mortgagee in this regard. The heirs and creditors of the estate could not profit by any such indirect procedure. Under the facts alleged, the widow has a homestead right, not exceeding $2,000 in value, in whatever equity there may be in this real estate as a whole; and the direct adequate relief is that prayed in the bill."

And the court in that case held that a court of equity has full power (in that case to ascertain and decree the insolvency of the estate under the facts) to vest the widow with a fee-simple title in the homestead exemption—a power referred to the jurisdiction over the administration of the estate, "to the general equity jurisdiction to grant full and complete relief, or to the specific jurisdiction to *make such adjudication at the instance of the homestead claimant*." (Italics supplied.) Tharp et al. v. Johnson et al., 219 Ala. 537, 541, 122 So. 668; Hames et al. v. Irwin et al., 214 Ala. 422, 108 So. 253; Evans et al. v. Evans, 213 Ala. 265, 104 So. 515; O'Daniel v. Gaynor, 150 Ala. 205, 43

So. 205. See, also, Hopkins v. Crews et al., 220 Ala. 149, 124 So. 202; 29 C. J. 877, § 242; 38 C. J. 1373-1375, § 13.

In 38 C. J. 1373-1375, § 13, the general rule is thus stated: "While in some cases the doctrine of marshaling has been applied, although the singly charged fund consisted of a homestead or exempt property, the weight of authority holds that, in the light of the public policy purpose in the creation of homestead exemptions, marshaling cannot be invoked, so as to deprive a debtor of his homestead or other exempt property, by a creditor as to whose lien there has been no waiver of such homestead or exempt property. If one creditor may at his election resort to either the homestead or other property to satisfy his demand and another creditor can reach only the nonhomestead property the latter cannot compel the former to first resort to the homestead premises. And it is not only held that the junior encumbrancer cannot throw the paramount lienor upon the homestead land, but generally that the debtor himself can require a creditor first to exhaust all other property liable to execution before proceeding against the homestead."

Pertinent statements of this text are declared by this court in First National Bank of Talladega v. Browne, 128 Ala. 557, 560-561, 29 So. 552, 86 Am. St. Rep. 156, where it was observed that the law exempting the homestead from debt is to be liberally construed; that it is not its policy to apply the equitable doctrine of marshaling assets, or the fiction of subrogation, in order that the property may be subjected to incumbrances not created by the debtor himself, though the mortgagee participated in the distribution of funds arising from the property covered by a general assignment for the benefit of creditors. Bank of Luverne v. Turk et al., 222 Ala. 549, 133 So. 52; Warren v. Jones, 219 Ala. 213, 121 So. 519.

In Ray v. Adams et al., 45 Ala. 168, 169, this court said: "Notwithstanding Adams, by his contract, had a lien which excluded Fitzpatrick's privilege of exemption against him, and between him and Ray he might have been required to sell the land in parcels so as to preserve the rights of the subsequent creditors; yet, the right of exemption came in next to the contract lien. It was prior to the lien of the judgment, and even if not, would have prevailed over it."

In Bramlett v. Kyle et al., 168 Ala. 325, 52 So. 926, the mortgagor (not his widow) was denied the right to resort to other property to satisfy the mortgage and to that extent

relieve the homestead exemption. Booker et al. v. Booker, 225 Ala. 626, 144 So. 870; Bank of Luverne v. Turk et al., supra. And the further cases of Whaley v. Henderson, 227 Ala. 158, 159, 148 So. 848, and Kennemer-Willis Grocery Co. v. Hacker, 225 Ala. 415, 143 So. 821, involved only suretyships, and no questions of the protection of the rights of homestead exemptions were presented.

The text of 38 C. J. 1375, § 13, Boyte v. Perkins, Bank of Luverne v. Turk et al., and Ticer v. Holesapple, supra, tend to support the position that in a proper case, as here, against the devisees and legatees in a will, the widow has the right to require the marshaling of assets to save the homestead rights provided by statute. It is a different and superior right from that denied the debtor husband, as indicated in the cases we have cited. We have sought to demonstrate that difference by reference to the policy of the law, the statutes that obtain, and the construction given thereto by this court.

There was reversible error committed by the circuit court in sustaining the demurrer to the bill, and in dissolving the temporary injunction which sought to preserve the status of the property and the rights therein of the parties to the time of rendition of the final decree.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.