172 So. 253

ROY et al. v. ROY.

3 Div. 192.

Supreme Court of Alabama.

Jan. 21, 1937.

Holley, Milner & Holley, of Wetumpka, for appellee.

Guy Rice and Douglas Booth, both of Prattville, for appellants.

**GARDNER, Justice.**

Complainant is the widow of Wesley Roy who died in March, 1930, without direct descendants, and of whose estate, in the same month, P. D. Roy, a brother, was appointed administrator. The only real estate belonging to decedent consisted of 160 acres of land upon which he and complainant resided, and an 1/11 interest in other real estate valued at $75.

The 160 acres was duly appraised and in 1935 was, by appropriate proceedings in the probate court, in which the estate is now being administered, set apart as a homestead to complainant. Both the homestead and the personalty (greatly less than $1,000 in value) were under mortgage to Mamie Roy, sister of decedent. The mortgagee seized the personalty to be applied on the payment of said mortgage, leaving a balance due thereon of $900, and the estate is alleged to be insolvent, with the further averment that, though demand was made to that end, the administrator refuses to institute proceedings for a judicial determination of insolvency. The homestead was likewise under mortgage to said Mamie Roy, the amount alleged to be due thereon being the sum of $2,640. And on December 8, 1930, said mortgage was duly foreclosed under the power of sale, the mortgagee becoming the purchaser at and for the sum of $3,624, and that after deducting expenses of said foreclosure there remains a surplus of $924 over and above the mortgage debt, for which the mortgagee refuses to account, and as to which the administrator declines to require an accounting.

Complainant, therefore, seeks by this bill, first, a declaration of insolvency of the estate, and, second, as a consequence of insolvency that the fee-simple title to the homestead be vested absolutely in her—all to the end that the mortgagee of the homestead be made to account to complainant for the surplus of $924 in her hands.

The equity of the bill is well sustained by the authorities. McGowin v. McGowin, 232 Ala. 601, 169 So. 232; Hames v. Irwin, 214 Ala. 422, 108 So. 253; Ticer v. Holesapple, 226 Ala. 271, 146 So. 614; Evans v. Evans, 213 Ala. 265, 104 So. 515.

And the general equity of a bill of this character is not questioned by counsel for defendants. But they earnestly urge two objections to relief in this particular case. First, it is insisted complainant's claim of exemptions to the homestead came too late, for that she took no steps to have the same set apart until 1934, when the foreclosure of the mortgage was in 1930.

The cited cases (Cross v. Bank of Ensley, 205 Ala. 274, 87 So. 843; Motley v. Jones, 98 Ala. 443, 13 So. 782; Lasseter v. Deas, 9 Ala.App. 564, 63 So. 735; Jackson v. Wilson, 117 Ala. 432, 23 So. 521) have each been carefully examined, and are found inapplicable to the facts of the instant case. A discussion here of the points of differentiation would unduly extend this opinion, and serve no useful purpose. Suffice it to say, they do not militate against the conclusion here reached that the objection to the bill is not well taken.

The uniform holding of our court is that homestead laws are to be liberally construed to the end of advancing their beneficial objects (Cross v. Bank of Ensley, supra), and in Chamboredon v. Fayet, 176 Ala. 211, 57 So. 845, 847, this court referred to the concluding clause of what is now section 7919, Code 1923, to the effect that in no case, and under no circumstances "shall the widow and minor children, or either of them, be deprived of homestead or two thousand dollars in lieu thereof, if they or either of them apply therefor in manner as herein provided, before final distribution of the decedent's estate," with the concluding observation that short of the period fixed by said statute—that is, final distribution of the estate—no laches of the widow or the guardian for the minor children can operate as a waiver or loss of the right. See, also, Ticer v. Holesapple, 226 Ala.

271, 146 So. 614, where this concluding clause of the statute is quoted and emphasized.

The bill shows that the homestead exemption was here claimed, and set apart to complainant during the administration of the estate, and in fact that said administration is still pending. It follows, therefore, that the homestead right was not lost to the widow, but asserted in ample time.

 The next insistence by defendants relates to the matter of set-off, the argument being that the balance due the mortgagee on the personal property mortgage equals the surplus from the real estate mortgage, and the one should be set off against the other. But this argument overlooks the principle of law that the surplus of the proceeds of the real estate mortgage retains the character of real estate for the purpose of determining who is entitled to receive it, and goes to the person to whom the real estate would have gone but for the conversion. The case of Kitchens v. Jones, 87 Ark. 502, 113 S.W. 29, 30, 19 L.R.A.(N.S.) 723, 128 Am.St.Rep. 36, cited in 19 R.C.L. 662, is much in point, is well reasoned and fully sustained by the authorities therein noted. One or two excerpts from that opinion will suffice: "An equity of redemption is an estate in the mortgaged property, and is subject to all the incidents of ownership. * * * The right of the widow and minor heirs accrued, under the plain terms of the statute, at the time of the death of the husband and father, and not at a later time when, in the course of the administration of his estate, his property has been changed from realty to personalty. * * * In this case his equity of redemption descended at his death to his widow and children, according to the statute of descent and distribution, as realty." To like effect are the cases noted in 23 Corpus Juris 1146.

Under this principle, therefore, the equity of redemption was an estate capable of descent as realty and subject to homestead rights, and the surplus proceeds of the foreclosure had after the death of the mortgagor retain the character of the real estate, that is, the character of homestead exemption property. As such, it is exempt from the payment of any of decedent's debts. And to permit the set-off of another debt due to the same mortgagee would in effect destroy its character as exempt property, thus indirectly accomplishing what was directly forbidden. The decisions do not permit this to be done.

The question was presented in Ex parte Hunt and Tally, 62 Ala. 1, wherein the court observed: "It is obvious if the set-off were allowed, the appellants would, by indirection, gain the mastery over the constitution and the statutes which freed the property converted from liability for the payment of debts."

Like principle was given application in the more recent case of Bank of Luverne v. Turk, 222 Ala. 549, 133 So. 52, and is generally recognized as disclosed by the authorities cited in the note to Hill v. First National Bank, 79 Fla. 391, 84 So. 190, 20 A.L.R. 270.

It follows, therefore, that upon reason and authority the set-off is not allowable, and this objection is likewise without merit.

We reach the conclusion that the bill was not subject to the demurrer interposed, and that the decree to that effect should be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.