11 So.2d 738

**Ex parte GRIFFIN et al.**

**6 Div. 35.**

Supreme Court of Alabama.

Dec. 29, 1942.

Rehearing Denied Feb. 18, 1943.

Walter S. Smith, of Birmingham, for petitioners.

Jas. W. Aird, of Birmingham, for respondent.

FOSTER, Justice.

The question here presented is the sufficiency of a motion made by defendant in an action of ejectment to transfer the cause to equity by virtue of section 153, Title 13, Code of 1940. And that depends upon whether the motion is sufficient as an equitable attack on a former decree of a court of equity under which plaintiff in the ejectment suit claimed to sustain his title to the property sued for.

A demurrer to the motion to transfer was sustained, and the motion was overruled, and defendant seeks to review it by mandamus to be issued out of this court.

 The sufficiency of the motion must be tested on the same principles as if it were itself an attack on the decree; and if it would be subject to demurrer as a bill for that purpose, the motion is likewise subject to the demurrer. Ex parte Holzer, 219 Ala. 431, 122 So. 421; Ballentine v. Bradley, 236 Ala. 326, 182 So. 399.

We will refer to Archie Griffin, Jr., as the petitioner and movant, since the others claim under him.

The decree sought to be vacated by the movant upon a removal in equity was rendered November 15, 1934, on a bill filed July 15, 1927 by Gesner Harris Malone alleged to have been the only minor child of Willie Griffin, who died October 17, 1917, leaving a homestead of less area and value than the statutory requirements to be

674

exempt, and to vest in the complainant under section 4204, Code of 1907 (which is section 7926, Code of 1923, and section 669, Title 7, Code of 1940). Willie Griffin had made a will devising said property to the said Gesner and to this movant who was a grandchild, and whose father had died prior to the death of Willie. His father was a child of Willie also. Those two were her only heirs at law. The will had been probated, the executor qualified, and he had made a final settlement as such, without any proceeding to set off the homestead rights of the minor child of her deceased mother. Williams v. Massie, 212 Ala. 389, 102 So. 611; Franklin Fire Ins. Co. v. Howard, 230 Ala. 666, 162 So. 683.

Gesner proceeded in her bill upon that idea to have set off her homestead right by virtue of section 4204, Code of 1907, supra, and that since it was not set off to her during the administration of the estate while she was still a minor she could after a final settlement of that administration have it done in equity. The administration proceeded and ended upon the assumption that the will was effective whereby Archie Griffin, Jr., became a co-legatee with Gesner.

The petition of Archie Griffin, Jr., to remove the ejectment suit to equity made an attack on the decree of November 15, 1934, supra, on the grounds that there had been no notice of the equity suit leading to that decree given to him, the said Archie, then an infant: that there was a guardian ad litem for him, but that he was not represented by a guardian of his own selection, though he was over fourteen years of age at the time of the rendition of the decree. He does not say that he was over fourteen years of age at the time the guardian ad litem was appointed.

The petition here and motion caused to be attached a copy of all the proceedings in the equity case, supra, and in the administration of the estate here material.

The motion to transfer also alleged that the decree of November 15, 1934, is null and void and of no force and effect, and should be cancelled by a decree of the court of equity for the reasons just stated, and to quiet the title of movant to an undivided half interest.

The motion also sought to establish a resulting trust in a half interest which it alleges his father had in the lot, having paid half the purchase price, and also sought subrogation to the claim of the city and State for taxes paid and improvements made. The allegations as to the resulting trust and subrogation are so palpably insufficient we need not mention them further.

█ The decree of November 15, 1934 is not void on its face as being beyond the jurisdiction of the court. Evans v. Evans, 213 Ala. 265, 104 So. 515; Hames v. Irwin, 214 Ala. 422, 108 So. 253; Roy v. Roy, 233 Ala. 440, 172 So. 253: see, McGowin v. McGowin, 232 Ala. 601, 169 So. 232.

█ Moreover if it were void on its face that would be a good defense at law in the ejectment suit since plaintiff must rely on that decree to sustain his title. Johnson v. Johnson, 182 Ala. 376 (8), 62 So. 706; Martin v. Atkinson, 108 Ala. 314 (3), 18 So. 888.

█ The record shows that an affidavit was made in the equity suit that movant, a defendant there, was a minor under the age of fourteen years, and the county guardian ad litem was appointed to represent him, and did so in a proper manner. The motion does not allege that at that time Archie was over fourteen years of age. But even if it be so treated, it would not avoid the decree in this proceeding since the attack on that ground would be in the nature of a bill of review (Cunningham v. Ward, 224 Ala. 288, 140 So. 351); and on such an attack the proceedings will not be vacated on the record here disclosed. Jones v. Henderson, 228 Ala. 273, 153 So. 214; Hubbard v. Vredenburgh Sawmill Co., 226 Ala. 54, 145 So. 320; Casey v. Sacks, 223 Ala. 147, 134 So. 851.

Rule 23, Chancery Practice, Code of 1923 (compare new Equity rule 7, Code of 1940, Tit. 7 Appendix) authorized (now changed by new rules) a minor fourteen years old to select a guardian ad litem, but one appointed without such selection does not subject the proceedings to be vacated on such an attack as this. Compare, Levystein v. O'Brien, 106 Ala. 352 (2), 17 So. 550, 30 L.R.A. 707, 54 Am.St.Rep. 56. See, section 8095, Code of 1923 (Title 21, section 2, Code of 1940).

█ To the extent that this petition seeks to have this Court by mandamus require the trial judge in the ejectment suit to set aside the decree of November 15, 1934, there is no right here disclosed. Mandamus is not appropriate to such relief, even if the petition showed a right to have it set aside. The court rendering the de-

cree could on motion set it aside if it is void on its face. Johnson v. Johnson, supra; Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; Baker v. Barclift, 76 Ala. 414; Hynes v. Underwood, 191 Ala. 90, 67 So. 994.

If voidable for some reason, not shown on its face, a bill in the nature of one of review is appropriate. Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820.

Movant discloses by his motion to remove no equitable right sufficient to justify a decree setting aside that of November 15, 1934, nor other equitable defense to the ejectment suit not available on its trial, so that he does not show a right to invoke the principle provided in section 153, Title 13, Code of 1940.

Petition for mandamus is denied.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.